**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**A FEMALE JUVENILE, Defendant–
Appellant.**

No. 95–31199.

United States Court of Appeals,
Fifth Circuit.

Dec. 30, 1996.

Cristina Walker, Assistant U.S. Attorney, Office of the United States Attorney, Shreveport, LA, for plaintiff-appellee.

Rebecca L. Hudsmith, Wayne Joseph Blanchard, Office of the Federal Public Defender, Lafayette, LA, for defendant-appellant.

Before WISDOM, JONES and WIENER, Circuit Judges.

WISDOM, Circuit Judge:

This appeal requires us to determine how 18 U.S.C. § 5037 affects resentencing of a convicted juvenile delinquent after revocation of the delinquent's probation. Because we find § 5037 clear in its plain meaning, the judgment of the district court is AFFIRMED.

## BACKGROUND

At age fifteen the defendant entered the Fort Polk military base and engaged in a knife fight with another female over the defendant's boyfriend. On January 18, 1991, as a result of this assault, the United States filed a bill of information charging the defendant with an act of juvenile delinquency. In April 1991, the defendant pleaded guilty and the district court adjudged her a delinquent. The district court committed the defendant to the custody of the Bureau of Prisons until her twenty-first birthday or "until such time that the court feels she is ready to reenter society". The defendant spent six months incarcerated in the Santa Fe Juvenile Detention Center before the district court amended her sentence to place the defendant on supervised probation until December 15, 1996, her twenty-first birthday.

After four years of probation without incident, the defendant was arrested for again entering Fort Polk, this time to commit a theft. Consequently, on October 30, 1995, a United States probation officer requested that the defendant's probation be revoked. The officer alleged that the defendant violated the conditions of her probation by (1) committing a federal crime, (2) failing to notify the probation office within seventy-two hours of an arrest, and (3) by going onto the Fort Polk Military Installation. On November 14, 1995, the defendant appeared before the district court and pleaded guilty to the charge of noncompliance, to reentering Fort Polk, and to a misdemeanor theft. The district court ordered that probation be revoked and sentenced the defendant to the custody of the Bureau of Prisons for thirty months. At that time, the defendant was nineteen years old. Counsel for the defense objected, stating that "the only penalty that can be imposed is a penalty that could have been imposed at the time of the court's original jurisdiction which would be incarceration until she is twenty-one years old." The district court, nonetheless, stood by its sentence. On November 20, 1995, the defendant timely filed her notice of appeal. The district court subsequently entered a minute entry stating that the defendant, when sentenced by the court, was sentenced as an adult, not as a juvenile.

## DISCUSSION [1]

The defendant in this case enjoys the aegis

1. We review the district court's imposition of sentence *de novo*. *United States v. Hughey*, 877 F.2d 1256, 1259 (5th Cir.1989), *rev'd on other* *grounds sub nom. Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990).

of the Juvenile Delinquency Act.[2] This legislation established preferential treatment for those accused of criminal behavior before reaching the age of majority. The Act contains two distinct standards to guide the hand of a sentencing judge. The application of a particular standard is dictated in part by the severity of the offense, and in part by the age of the defendant. The Act and the other statutes referred to by the Act, however, often leave much to be desired in terms of specificity. This is so in the case before us where, although the defendant was fifteen years old at the time of the original offense, at revocation and resentencing the defendant was nineteen. The question necessarily arises, in such a case, whether the defendant should be resentenced under the guideline for individuals under the age of eighteen, or under the guideline for those between the ages of eighteen and twenty-one. Indeed, these are the respective positions of the parties to this case. We must begin our inquiry with the relevant statutory provisions.

The parties assert as controlling various subsections of 18 U.S.C. § 5037, a section of the Juvenile Delinquency Act. That section provides the guidelines mentioned above for juveniles sentenced to either probation or official detention. The section offers no guidance, however, with respect to revocation of probation. Rather, § 5037 refers us to 18 U.S.C. § 3565, a section dealing generally with revocation. That section provides that a court, upon finding a defendant in violation of a condition of her probation, may either (1) continue her on probation, with or without modifying the terms or extending the period; or (2) revoke the sentence of probation and resentence the defendant for the original offense. If the defendant is to be resentenced, the court returns to § 5037 to determine the appropriate period of official detention. Section 5037 provides the following guideline:

> (c) The term for which official detention may be ordered for a juvenile delinquent may not extend—

> (1) in the case of a juvenile who is less than 18 years old, beyond the lesser of—

>> (A) the date when the juvenile becomes twenty-one years old; or

>> (B) the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult; or

> (2) in the case of a juvenile who is between eighteen and twenty-one years old—

>> (A) who if convicted as an adult would be convicted of a class A, B, or C felony, beyond five years; or

>> (B) in any other case beyond the lesser of—

>> (i) three years; or

>> (ii) the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult.[3]

The statute provides different ranges for different ages, but fails to state at what point the age determination is to be made. If the relevant age is that at the time of the initial offense for which probation was imposed, then under § 5037(c)(1), the defendant could be sentenced to a period of confinement not to exceed the date of her twenty-first birthday; in this case, thirteen months. On the other hand, if the age at the time of resentencing is controlling, then under § 5037(c)(2), the defendant could be sentenced for a period of confinement not to exceed five years.[4] We have been unable to find any case deciding which age is controlling under § 5037. Likewise, we find no solution to this dilemma in the legislative history of § 5037. We are of the view, however, that the intent of Congress is clearly expressed in the language of the statute.

▆▆▆ Axiomatic in statutory interpretation is the principle that laws should be construed to avoid an absurd or unreasonable

---

**2.** 18 U.S.C. §§ 5031–5042.

**3.** 18 U.S.C. § 5037(c).

**4.** The original offense would have been a Class C felony, in violation of 18 U.S.C. § 113(a)(6). Such an offense is punishable by a maximum term of imprisonment of ten years. As such, § 5037(c)(2) dictates that the five year maximum term for a juvenile is appropriate.

result.[5] This concept acts as a foil to the similarly iron clad principle that statutes shall be given their literal meaning.[6] In this case, § 5037 states plainly that a person "who is"—not—"who was"—between the ages of eighteen and twenty-one may be given a particular sentence. As the section does not direct that the age determination is to be made as of the time of the initial offense, its literal meaning is that the age referenced in the statute is the defendant's age at the time of resentencing. This literal reading does not impose an absurd or unreasonable result, as Congress clearly had no qualms in allowing a sentence to extend past the twenty-first birthday. This is shown by the allowance in § 5037(c)(2) of a sentence of up to 5 years for anyone between the ages of eighteen and twenty-one. Further support for our conclusion that the statute must be literally read derives from the defendant's asserted interpretation. If the statute is read to require the sentence determination to be made based on the age of the defendant at the time of the initial offense, then a revocation two months before a defendant's twenty-first birthday could yield, at most, a two month sentence. It is nonsensical to suppose that as a defendant draws nearer the age of twenty-one, the allowable penalty that a court may impose for violation of probation shrinks correspondingly. Accordingly, we reject this interpretation.

Because we find that § 5037 is clear in its literal meaning, we hold that the age referred to in that section is the age of the defendant at the time of resentencing.[7]

AFFIRMED.

---

**5.** *United States v. Mathena*, 23 F.3d 87, 92 (5th Cir.1994); *Carpenters Dist. Council v. Dillard Dept. Stores*, 15 F.3d 1275, 1285 (5th Cir.1994); *Birdwell v. Skeen*, 983 F.2d 1332, 1337 (5th Cir. 1993).

**6.** *Texas Food Industry Assoc. v. U.S. Dep't of Agric.*, 81 F.3d 578, 581 (5th Cir.1996); *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350, 363 (5th Cir.1995). *See also* Veronica M. Dougherty, *Absurdity and the Limits of Literalism: Defining the Absurd Result Principle in Statutory Interpretation*, 44 Am U.L.Rev. 127 (1994).

**7.** The defendant also urges us to find that application to her of the 1994 amendments to § 3565 constitutes a violation of the ex post facto clause. This assertion also fails. The acts which exposed the defendant to resentencing under § 3565 occurred after the amendment. Furthermore, the five years of detention authorized by § 5037 is less than the period available at the time of the initial offense. The defendant was fifteen years old, and was originally sentenced to confinement until her twenty-first birthday, a period in excess of five years.