# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 98-3646SD, 98-3930SD

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * On Appeal from the United |
| v. | * States District Court |
| | * for the District of |
| | * South Dakota. |
| A. J., | * |
| | * |
| Appellant. | * |

_____

Submitted: June 15, 1999

Filed: September 8, 1999

_____

Before RICHARD S. ARNOLD and LOKEN, Circuit Judges, and BYRNE,[1] District
Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.


After pleading guilty to an act of juvenile delinquency, involuntary manslaughter, in violation of 18 U.S.C. §§ 1112(a), 5032, and 1153, A.J., a minor, was given probation until the age of twenty-one. After A.J. violated the conditions of her

_____

[1]The Hon. William Matthew Byrne, Jr., United States District Judge for the Central District of California, sitting by designation.

probation, the District Court[2] revoked her probation and sentenced her to imprisonment until the age of twenty-one. A.J. appeals the sentence, arguing that the District Court erred in determining her sentence because the Court failed to consider the policy statements in chapter 7 of the United States Sentencing Guidelines, and because the sentence was not based on accurate information.[3] We do not agree with A.J.'s arguments, and we therefore affirm the judgment of the District Court.

On March 4, 1995, A.J., then age sixteen, was involved in a drunk driving accident. The car A.J. was driving flipped over, and one of the passengers was thrown from the car and killed. A.J.'s blood alcohol content was over the legal limit at the time of the accident. She pleaded guilty to involuntary manslaughter and was sentenced to probation until she turned twenty-one. The conditions of A.J.'s probation prohibited her from consuming any alcoholic beverages and from operating a motor vehicle without prior written approval of her probation officer. A.J. violated both of these conditions, on two separate occasions. On February 17, 1998, and again on August 8, 1998, A.J. consumed alcoholic beverages and then drove a motor vehicle. She was eighteen at the time of the first of these two incidents, and nineteen at the time of the second incident. The District Court revoked A.J.'s probation on the basis of these violations, and sentenced A.J. to imprisonment until the age of twenty-one, a sentence of approximately nineteen months.

---

[2]The Hon. Lawrence L. Piersol, United States District Judge for the Southern District of South Dakota.

[3]After A.J. filed her notice of appeal, she learned that the Bureau of Prisons could not place her where the Court had recommended. A.J. then filed a motion with the District Court for reconsideration of her sentence. The Court denied her motion for reconsideration, A.J. filed a notice of appeal of that decision, and the two appeals were then consolidated.

A.J. argues that the District Court's failure to consider the policy statements in chapter 7 of the Sentencing Guidelines rendered her sentence unlawful. A.J. faces at least two hurdles in making this argument. First, as A.J. recognizes, the Guidelines do not apply to juveniles. A juvenile cannot, however, receive a sentence of imprisonment longer than the sentence which a court could impose on a similarly situated adult. See 18 U.S.C. § 5037(c). See also United States v. R.L.C., 503 U.S. 291, 306-07 (1992). Determining the maximum sentence a similarly situated adult would be subject to may require application of the Guidelines. This means only that a sentencing court may have to consider the Guidelines to determine the upper limit of the sentence which can be imposed on a juvenile, on the basis of the sentencing range the Guidelines provide for an adult. It does not require "plenary application of the Guidelines to juvenile delinquents." R.L.C., 503 U.S. at 307.

A court may sentence a juvenile to probation under 18 U.S.C. § 5037(a). Section 5037 also indicates that §§ 3563, 3564, and 3565 apply to juvenile probation orders. See 18 U.S.C. § 5037(b). Section 3565, in turn, governs revocation of probation and states that a court can "revoke the sentence of probation and resentence the defendant under subchapter A." Id. § 3565(a)(2). A provision in subchapter A, § 3553(a), lists the factors a court should consider in determining a sentence. The factors include "any pertinent policy statement issued by the Sentencing Commission . . .." Id. § 3553(a)(5). The pertinent policy statement relevant to probation violations is chapter 7 of the Sentencing Guidelines.

A.J. argues, therefore, that the District Court should have considered the Guidelines when it sentenced her, even though the Guidelines do not apply to juveniles. During the revocation and sentencing hearing, A.J.'s attorney asked if there was going to be a "guideline determination." Hearing Tr. 14. The Court said no. See id. at 15. Chapter 7 of the Guidelines provides policy statements on probation violation and revocation. There is nothing mandatory about the policy statements, however, and this is the second hurdle that A.J. faces. Even if the Court had considered the Guidelines,

chapter 7 is not binding upon the Court.    See United States v. Hensley, 36 F.3d 39, 41-42 (8th Cir. 1994).

There is no reason whatever to suppose that the Court would have imposed a shorter sentence if it had considered the policy statements.  The Court examined this case in detail and carefully explained its reasoning.  A.J.'s offense had cost another person her life.  She was given probation, which was a humane and lenient sentence. She then betrayed the trust the Court had placed in her, not once but twice.  The first time, her pickup truck ended up in a ditch.  The second time, she was driving without lights at 3:00 a.m.  She had been drinking both times.  Even accepting defendant's argument that a sentence of three to nine months would have been recommended by the policy statement, an upward departure, which is effectively what occurred, was plainly within the Court's discretion.[4]

In a recent Fifth Circuit case, the Court used slightly different reasoning in considering probation-revocation sentencing for juveniles.  See United States v. Sealed Appellant, 123 F.3d 232, 234 (5th Cir. 1997).  The starting point – § 5037 – remains the same.  Section 5037 refers to § 3565, which, as we have already explained, refers to subchapter A for resentencing a defendant after probation revocation.  In Sealed Appellant, however, the Court held that because the defendants were juveniles, they should be sentenced under § 5037, rather than under subchapter A.  The Court vacated a sentence imposing a term of supervised release because § 5037 does not authorize supervised release for juveniles.  Id. at 235.  Even if we followed this scheme in

_____

[4]Another perspective, but one leading to the same result, is obtained if we ask what sentence A.J. would have received for the underlying offense if she had been an adult. The answer, taking into account a two-point downward departure for acceptance of responsibility, is 16 months.  See U.S.S.G. § 2A1.4(a)(2) and Sentencing Table. A.J.'s initial sentence, probation, was a substantial downward departure. On revocation of probation, an upward departure may be warranted if the original sentence was the result of a downward departure.  U.S.S.G. § 7B1.4, App. Note 4.

sentencing A.J., the result would be the same. Section 5037 indicates that a juvenile's detention sentence cannot exceed the maximum term that would be authorized if the juvenile had been convicted as an adult. A.J.'s sentence meets this requirement.

A.J. also argues that the District Court had inaccurate information when it sentenced her, violating her due-process rights. The Court recommended that A.J. be placed at Chamberlain Academy in South Dakota, near her home, or a similar facility, to serve her detention sentence. The Bureau of Prisons did not place A.J. at Chamberlain because she was over eighteen, and Chamberlain, a state institution, could not accept her under state law. The Bureau indicated that it would place A.J. in a facility near Houston, Texas. A.J. argues that if the Court had known that A.J. could not be placed at Chamberlain, the Court would never have made that recommendation. But that is all it was – a recommendation. It is up to the Bureau to make the placement decision. When the Court was informed of the problem with Chamberlain, it declined to change the sentence. There was no error in this decision.

The sentence imposed by the District Court was not unreasonable. The judgment of the District Court is affirmed.

We express our appreciation to appointed counsel for A.J. for her diligent efforts in behalf of her client.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.