**UNITED STATES of America,
Plaintiff,**

v.

**G.C.A., Defendant.**

**No. CRIM. 96–134(HL).**

United States District Court,
D. Puerto Rico.

Feb. 4, 2000.

Antonio R. Bazan–Gonzalez, U.S. Atty's Office District Of P.R., Criminal Division, Hato Rey, PR, for U.S.

Rachel Brill, Hato Rey, PR, for Defendant.

## OPINION & ORDER

LAFFITTE, Chief Judge.

Defendant G.C.A., a juvenile sentenced to probation until his twenty-first birthday, violated that probation approximately one month before it was set to end. Defendant, who is now twenty-one, asserts that this Court no longer has jurisdiction to modify or revoke the term of probation because he has since reached his twenty-first birthday. For the reasons set forth below, this Court finds jurisdiction over the matter at hand.

■ On April 5, 1996, at the age of 17, defendant was involved in the car-jacking and murder of an off-duty policeman. On December 30, 1997, this Court sentenced defendant to a term of probation until his twenty-first birthday on October 26, 1999. This sentence was imposed at a dispositional hearing pursuant to 18 U.S.C. § 5037. Approximately one month before reaching his twenty-first birthday, defendant admitted that he violated the terms of his probation by using narcotics. On October 4, 1999, this Court ordered that defendant be summoned to appear before the Court on November 9, 1999. The summons was issued on October 26, 1999. Defendant had already reached the age of twenty-one when he appeared before the Court on November 9, 1999. Thus, he contends that this Court lacks jurisdiction to modify or revoke the term of probation because under section 5037 a probationary term imposed on a juvenile under eighteen years of age ends when he becomes twenty-one. Additionally, defendant argues that even if this Court revokes his probation, the Court lacks the jurisdiction to sentence him to a term extending past his twenty-first birthday.

■ Resolution of this issue must begin with a clear examination of the controlling subsections of the Juvenile Delinquency Act. The statutory provision primarily at issue is 18 U.S.C. § 5037, which sets forth the guidelines for juveniles sentenced to probation or detention. That statute refers to title 18 U.S.C. § 3565 with regard to revocation of probation. Section 3565 provides that if a defendant violates probation, the court may either continue the defendant on probation, with or without modification of the term, or revoke the sentence and resentence the defendant for the original offense. For purposes of resentencing, the court is directed back to section 5037, which sets forth the following guidelines: [1]

> (c) The term for which official detention may be ordered for a juvenile found to be a juvenile delinquent may not extend -
>
> (1) in the case of a juvenile who is less than eighteen years old, beyond the lesser of -
>
>> (A) the date when the juvenile becomes twenty-one years old; or
>>
>> (B) the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult; or
>
> (2) in the case of a juvenile who is between eighteen and twenty-one years old -
>
>> (A) who if convicted as an adult would be convicted of a Class A, B, or C felony, beyond five years; or
>>
>> (B) in any other case beyond the lesser of -
>
> (i) three years; or
>
> (ii) the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult.

18 U.S.C. § 5037(c).

In section 5037(c)(1) and (2), the statute clearly states that the sentencing is based

---

[1]. Under the Federal Juvenile Delinquency Act, when probation is revoked, a juvenile may not be resentenced as an adult, but must be resentenced as a juvenile under 18 U.S.C. § 5037. *United States v. Sealed Appellant*, 123 F.3d 232, 234 (5th Cir.1997); *United States v. A Female Juvenile*, 103 F.3d 14, 16 (5th Cir.1996).

on a juvenile "who *is* less than eighteen," or "who *is* between eighteen and twenty-one years old." A plain language reading of the statute bases the resentencing on the age that the juvenile *is* when he violated probation, not the age he *was* when he committed the original offense. In *United States v. A Female Juvenile*, 103 F.3d 14 (5th Cir.1996), the Fifth Circuit came to a similar conclusion when faced with a juvenile who was under the age of eighteen at the time of the original offense, but who was between the ages of eighteen and twenty-one at the time of resentencing. That court found that the juvenile should be resentenced under the guidelines for juveniles between the ages of eighteen and twenty-one years old. The court considered the literal language of the statute which referred to the present and not past age of the juvenile controlling, but also observed that the age of twenty-one was not a magical bar which a court could not pass when resentencing a juvenile: "Congress clearly had no qualms in allowing a sentence to extend past the twenty-first birthday. This is shown by the allowance in § 5037(c)(2) of a sentence of up to 5 years for anyone between the ages of eighteen and twenty-one." *Id.* at 17. Furthermore, the court concluded that it would be "nonsensical to suppose that as a defendant draws nearer the age of twenty-one, the allowable penalty that a court may impose for violation of probation shrinks correspondingly." *Id.* This Court concurs with the Fifth Circuit's analysis of section 5037, and thus finds jurisdiction over defendant for purposes of revocation and re-sentencing past his twenty-first birthday.

Pursuant to section 5037(c)(2), this Court would resentence defendant as a twenty-year old juvenile, in accordance with his age when he violated probation. Consequently, the new term may not extend beyond five years because defendant was convicted of an offense which if he had been adult would have constituted a Class A felony. This harsh term is modified by the application of section 1B1.12 of the United States Sentencing Guidelines. Therefore, a necessary step in according the term of detention imposed on a juvenile in a revocation proceeding is governed by the Sentencing Guidelines that would be applicable to a similarly situated adult defendant. *United States v. R.L.C.*, 503 U.S. 291, 112 S.Ct. 1329, 117 L.Ed.2d 559 (1992). In this particular case the sentencing guideline range is from three to nine months pursuant to U.S.S.G. § 7B1.4, since the defendant's violation of probation is a Grade C violation.

In a final attempt to elude the proper jurisdiction of this Court, defendant cites 18 U.S.C. § 3564(d), which states that, "[t]he court may, after a hearing, extend a term of probation, if less than the maximum authorized term was previously imposed, at any time prior to the expiration or termination of the term of probation." Defendant cursorily acknowledges that section 3565(c) grants this Court jurisdiction to revoke defendant's sentence even after the expiration of the probationary term where the court issues a summons prior to the termination of the probationary term. Since this Court did in fact issue a summons on October 26, 1999 (Docket No. 98), the last day of probation, the term of probation had not yet expired, and section 3565(c) grants this Court jurisdiction to revoke probation and resentence defendant.[2]

With no apparent statutory support, defendant feels that his is a special case, where his violation of probation should go unpunished simply because "he was not sentenced to probation for a particular period of time, such as for one, or two, or three years, but that he was expressly

**2.** Title 18 § 3565(c) provides: The power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

sentenced to a probationary term to end when a particular event occurred, namely, his twenty-first birthday."[3] That this Court set the expiration for defendant's twenty-first birthday, does not render it a magical date to which section 3565(c) does not apply. That birthday is a fixed date, October 26, 1999, and as a probationary term, is subject to all relevant statutes and guidelines. The fact that defendant violated his probation a month before his twenty-first birthday and the termination of probation, clearly does not prove a jurisdictional bar, and this Court will accordingly set a hearing to revoke probation and resentence defendant pursuant to the applicable sentencing guidelines.

## CONCLUSION

The Court finds jurisdiction over defendant for purposes of revoking probation and resentencing defendant pursuant to 18 U.S.C. § 5037(c). Defendants' motions to quash any request for modification or revocation of probation is hereby **DENIED.**

**IT IS SO ORDERED.**

**3.** Defendant's Motion to Quash Any Request For Modification or Revocation of Probation

Due to Fact That Juvenile Probationer Has Reached Majority, Dkt. No. 103, p. 3.