# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 02-1322

_____

United States of America,      *
     *
        Appellee,      *
     *      Appeal from the United States
     v.      *      District Court for the
     *      District of South Dakota.
K. R. A.,      *
     *         [PUBLISHED]
        Appellant.      *

_____

Submitted: June 14, 2002
Filed: July 24, 2003

_____

Before HANSEN,[1] Chief Judge, BOWMAN and BYE, Circuit Judges.

_____

HANSEN, Circuit Judge.

This appeal requires us to examine the statutory sentencing scheme of the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031-5042 (2000), as applied to K.R.A., who was adjudicated a juvenile delinquent at the age of 15. After repeatedly

_____

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

violating the conditions of her probation, K.R.A. was eventually placed by the district court[2] in official detention until her 22nd birthday, essentially a term of approximately 37 months. On appeal, K.R.A. contends her sentence was in error for the following reasons: (1) the district court utilized the wrong statute by imposing the sentence of official detention under 18 U.S.C. § 5037 rather than 18 U.S.C. § 3565; (2) even if § 5037 was the appropriate statute for sentencing a juvenile after revocation of probation, the district court incorrectly applied the statute by relying on K.R.A.'s age at the time her probation was revoked rather than her age at the time it was originally imposed; and (3) the district court abused its discretion in imposing an upward departure. We disagree with each of K.R.A.'s arguments and, therefore, affirm the judgment of the district court.

## I. BACKGROUND

K.R.A. was adjudicated a juvenile delinquent at age 15 after she admitted to committing the Class B felony of first-degree burglary by entering an occupied residence at night with the intent to steal. Specifically, on July 17, 1998, K.R.A. and two other individuals entered the home of a woman without permission, stole and destroyed some of the woman's personal property, and caused structural damage to the home. Another female physically assaulted the victim in her bedroom.

At the time of her original juvenile disposition in federal court, K.R.A. already had been charged with several tribal violations and had been adjudicated a juvenile delinquent in the Sisseton Wahpeton Tribal Court. On September 17, 1998, the district court imposed a term of approximately 3-1/2 years probation (until her 19th birthday–February 20, 2002) and a joint and several restitution obligation. On December 8, 2000, a petition to revoke probation was filed after K.R.A. violated the

---

[2]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

conditions of her probation by consuming alcohol, eluding law enforcement, stealing a police car, driving a vehicle with a revoked driver's license, and escaping from custody. Acting contrary to what it said was its better judgment, the district court continued K.R.A. on probation but extended it until she reached the age of 21 (February 20, 2004).

On October 15, 2001, a second petition to revoke probation was filed after K.R.A., then age 18, absconded from Glory House, a community treatment facility where she had been placed, and failed to notify her probation officer of her change in residence and employment within 72 hours as required under the conditions of her probation. The district court revoked K.R.A.'s probation and imposed a term of official detention until K.R.A.'s 22nd birthday, February 20, 2005, a revocation sentence, as indicated, of approximately 37 months.

## II. DISCUSSION

We review the district court's interpretation of the relevant statutes de novo. United States v. Brings Plenty, 188 F.3d 1051, 1053 (8th Cir. 1999). Here, based upon the provisions of 18 U.S.C. § 5037(c), the district court concluded it had the authority to sentence K.R.A. to a term of official detention of up to 5 years. Section 5037(c), as it existed at the time of K.R.A.'s revocation proceeding, provides as follows:

> The term for which official detention may be ordered for a juvenile found to be a juvenile delinquent may not extend–
> (1) in the case of a juvenile who is less than eighteen years old, beyond the lesser of –
> (A) the date when the juvenile becomes twenty-one years old; or
> (B) the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult; or

3

(2) in the case of a juvenile who is between eighteen and twenty-one years old–
    (A) who if convicted as an adult would be convicted of a Class A, B, or C felony, beyond five years; or
    (B) in any other case beyond the lesser of–
        (i) three years; or
        (ii) the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult.

In United States v. R.L.C., 503 U.S. 291, 306 (1992), the Supreme Court construed the phrase "'the maximum term of imprisonment that would be authorized if the juvenile had been tried and convicted as an adult'" found in § 5037(c)(1)(B) to mean "the maximum length of sentence to which a similarly situated adult would be subject if convicted of the adult counterpart of the offense and sentenced under the statute requiring application of the Guidelines, [18 U.S.C.] § 3553(b)." The Court made clear that "a sentencing court's concern with the Guidelines goes solely to the upper limit of the proper Guideline range as setting the maximum term for which a juvenile may be committed to official detention, absent circumstances that would warrant a departure under § 3553(b)." Id. at 307. See also United States v. Juvenile D.T., No. 99-4087, 2000 WL 1694066, at *1 (8th Cir. Nov. 14, 2000) (unpublished[3]) ("When revoking a juvenile defendant's sentence of probation, district courts have authority to resentence the juvenile to a term of imprisonment, but the term may not exceed the maximum term a similarly situated adult convicted of the same offense could receive under the Guidelines."); United States v. A.J., 190 F.3d 873, 875 (8th Cir. 1999) ("This means only that a sentencing court may have to consider the

---

[3]We choose to cite to this unpublished opinion pursuant to 8th Cir. R. 28A(i).

4

Guidelines to determine the upper limit of the sentence which can be imposed on a juvenile, on the basis of the sentencing range the Guidelines provide for an adult.").

The Sentencing Guidelines do not apply to juvenile offenders sentenced under the Federal Juvenile Delinquency Act. USSG § 1B1.12, p.s.; R.L.C., 503 U.S. at 307 n.7. The requirement that a district court determine what the sentence for a similarly situated adult defendant could be in order to determine the upper limit of the juvenile's detention "does not require plenary application of the Guidelines to juvenile delinquents." Id. at 307.

Here, the district court, relying on § 5037(c)(2)(A), concluded that the upper limit of the available period of detention for K.R.A. was 5 years (60 months), because she was 18 at the time of the revocation and would have been convicted of a Class B felony with a maximum statutory sentence of 25 years if she had been convicted as an adult. However, the district court also did a Guidelines analysis and concluded that before consideration of any grounds for an upward departure, a similarly situated adult defendant would have been subject to a Guidelines imprisonment range of 15 to 21 months. The court also determined that an upward departure from that range was warranted to about a 37-month sentence, and used that figure to impose the revocation sentence on K.R.A. of detention until her 22nd birthday.

K.R.A. argues that the district court erred by applying § 5037 instead of § 3565 when revoking her probation. We respectfully disagree. As we have previously stated, and reaffirm now, § 5037 is the starting point for determining a dispositional order in juvenile matters. A.J., 190 F.3d at 875. The court, after finding an individual to be a juvenile delinquent, may suspend the findings of juvenile delinquency, enter an order of restitution, place the juvenile on probation, or commit her to official detention. 18 U.S.C. § 5037(a). Subsection (b) establishes the maximum terms for which probation may be ordered and states that the provisions dealing with probation "in sections 3563, 3564, and 3565 are applicable to an order placing a juvenile on

probation." 18 U.S.C. § 5037(b). These referenced sections relate to the granting, modifying, and revoking of probation for adult offenders. Finally, under subsection (c), the statute sets out the maximum terms for which <u>official detention</u> may be ordered. 18 U.S.C. § 5037(c). Notwithstanding subsection (b)'s reference to § 3565 (which governs revocation of an adult offender's probation), we conclude that the juvenile statutory sentencing scheme requires that the maximum terms of detention for juveniles found in subsection (c) must be applied and observed when ordering a juvenile into official detention as a probation revocation sanction.

Our review of the record convinces us that the district court correctly looked at § 5037 for its authority to enter a dispositional order requiring official detention and for determining its maximum length. The court did err, however, in its determination that it could enter an order of up to 5 years of detention. The upper limit of detention for K.R.A., under the Supreme Court's holding in <u>R.L.C.</u>, was the Guidelines sentence that a similarly situated adult defendant could have received, absent a departure authorized by § 3553(b), but not to exceed 5 years. Because K.R.A.'s sentence of detention to her 22nd birthday is, as we determine <u>infra</u>, equal to the 37-month prison sentence which a similarly situated adult defendant could have received, the court's error in thinking it could have given K.R.A. 5 years of detention was harmless. We address, <u>infra</u>, K.R.A.'s further argument that the district court's departure decision itself was erroneous.

Notwithstanding our holding that § 5037 establishes the maximum term of detention which can be imposed, § 3565 still should be applied to determine the appropriate revocation sentence within that maximum. Section 3565(a) provides as follows:

> If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing . . ., and after considering the factors set forth in section 3553(a) to the extent that they are applicable–

(1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or

(2) revoke the sentence of probation and resentence the defendant under subchapter A.

Subchapter A consists of 18 U.S.C. §§ 3551 through 3559. Of importance here is § 3553(a), which lists the statutory factors a court may consider in determining a sentence, including "any pertinent policy statement issued by the Sentencing Commission." § 3553(a)(5). K.R.A. argues that had she been correctly resentenced under subchapter A, the district court should have considered the policy statements concerning revocation of probation and supervised release for adult offenders found at USSG § 7B1.3-.4, p.s., which would have recommended imprisonment (detention) for a term of 3 to 9 months.

In general, policy statements interpreting sentencing guidelines are binding on federal courts. Williams v. United States, 503 U.S. 193, 201 (1992); United States v. Levi, 2 F.3d 842, 845 (8th Cir. 1993). The policy statements set forth in Chapter 7 of the Sentencing Guidelines Manual, however, are not binding, but merely advisory, because they do not interpret a guideline. See United States v. Tschebaum, 306 F.3d 540, 544 (8th Cir. 2002); A.J., 190 F.3d at 875; United States v. Hensley, 36 F.3d 39, 41-42 (8th Cir. 1994); Levi, 2 F.3d at 845. Thus, the district court was not bound by the 3-to-9-month recommended sentence under § 7B1.4.

Recognizing that neither § 7B1.3 nor .4 is binding, K.R.A. next argues the district court should then have looked to the guideline range for K.R.A.'s original offense. Here, as we have noted above, with an offense level of 14 for the burglary and a criminal history category of I, an adult guideline range would have been 15 to 21 months. Because the original offense of conviction was a Class B felony, and the applicable guideline range fell in Zone D of the Sentencing Table, an adult would not have been eligible for probation. 18 U.S.C. § 3561. K.R.A.'s sentence to probation, if it had been given to an adult, would have been a substantial downward departure.

7

K.R.A. asserts that if she were an adult, her sentence to detention should not have been more than 21 months.

In assessing this argument, we need again to keep in mind that the Guidelines themselves do not apply directly to juveniles. R.L.C., 503 U.S. at 307. We have already determined, ante at 4-6, that the Guidelines are to be used to determine the upper limit of a juvenile's sentence to detention, but we are convinced that they are not to be used to determine where within the maximum period of detention authorized by § 5037 a particular juvenile should be sentenced, which is what K.R.A. really seeks.

We find K.R.A.'s reliance upon our decision in United States v. Iversen, 90 F.3d 1340 (8th Cir. 1996), to be misplaced. There, in addressing the maximum sentence available for violation of probation by a non-juvenile defendant, we stated that under § 3565(a)(2) the district court was required to "resentence the defendant under subchapter A," which in general requires the court to sentence defendants in accordance with the Sentencing Guidelines. Id. at 1345. We further noted that the amendment to this section in 1994 did "not alter the district court's power to sentence a probation violator within the range of sentences available at the time of the initial sentence." Id. at n.6. We, however, have not read Iversen to require the district court to sentence an adult defendant within the original Guidelines sentencing range, when revoking probation. See Tschebaum, 306 F.3d at 543 ("We believe, however, that neither Iverson nor § 3565(a) requires a court to sentence a defendant within the original sentencing range when his or her probation is revoked.")

Lastly with respect to this argument, we agree with the government that, although the district court did not specifically reference sections 3553(a) or 3565 during the January 17, 2002 dispositional hearing, the court nonetheless substantially complied with the requirements of the statutes. The transcript of the August 20, 2001 revocation hearing demonstrates that the district court was well aware of the statutory

8

factors governing revocation, and we logically presume that the court remained equally aware of them 5 months later when making the detention decision.

We also conclude that the district court properly applied § 5037 by using K.R.A.'s age at the time of the probation revocation hearing (18), as opposed to her age at the time of the initial dispositional hearing (15). The statute plainly states, using the present tense, that the relevant maximum term for official detention shall be based upon a juvenile "who *is* less than eighteen" or "who *is* between eighteen and twenty-one." The statute does not refer to the age the juvenile *was* when she committed the original offense or when she was originally placed on probation. Thus, based on the plain meaning of the statutory language, we conclude that the juvenile's age at the time of the imposition of official detention is the correct age to use when determining the maximum term of official detention under § 5037(c).

As noted by the Fifth Circuit, this interpretation of the statute avoids the unreasonable result where a revocation 2 months before a juvenile's 21st birthday would yield, at most, a 2-month sentence. See United States v. Female Juvenile, 103 F.3d 14, 17 (5th Cir. 1996) ("It is nonsensical to suppose that as a defendant draws nearer the age of twenty-one, the allowable penalty that a court may impose for violation of probation shrinks correspondingly."), cert. denied, 522 U.S. 824 (1997); see also United States v. G.C.A., 83 F. Supp.2d 253, 254-55 (D. P.R. 2000) (concurring with Fifth Circuit's analysis of § 5037).

K.R.A.'s final argument is that the district court's 37-month detention sentence was an unjustified upward departure from both the 3-to-9-month range recommended in USSG § 7B1.4, and the 15-to-21-month range determined by the Sentencing Guidelines for a similarly convicted adult. Because § 7B1.4 is an advisory policy statement and not a binding Guideline, the district court's sentence is not an "upward departure," in the Guidelines sense of that term. See United States v. Shaw, 180 F.3d 920, 922 (8th Cir. 1999). And K.R.A.'s sentence was not an upward departure

from the Guidelines range for a similarly situated adult because, as shown below, the correct range for a similarly situated adult is 30-37 months rather than 15-21 months.

With respect to the merits of whether or not the 37-month sentence was the correct upper limit of detention applicable to K.R.A., we do need to determine whether or not a similarly situated adult defendant could have received a 37-month sentence under the Guidelines for the same conduct that K.R.A. engaged in prior to the revocation proceeding which resulted in her detention sentence. In doing so, we believe a correct analogy is to a similarly situated adult defendant who is facing a sentencing judge for the imposition of an initial sentence having committed, as violations of pretrial or presentencing release conditions, the same violations that K.R.A. committed of her conditions of juvenile probation.

K.R.A. violated the conditions of her probation by consuming alcohol, fleeing from police, stealing a police car, driving with a revoked driver's license, escaping from custody, and absconding from a community treatment facility. A similarly situated adult would have started out at the same place K.R.A. did when her original presentence investigation report was done in 1998, i.e., at an offense level of 17. However, the hypothetical similarly situated adult defendant who had committed violations of pretrial or presentencing release conditions identical to those K.R.A. committed of her probation conditions, would not have received a 3-level reduction for acceptance of responsibility (as K.R.A. initially did to end up at Level 14) and also would have received a 2-level upward adjustment for obstruction of justice, resulting in an offense level of 19 and a Guidelines sentencing range of 30-37 months. See, e.g., United States v. Young, 315 F.3d 911, 913 (8th Cir.) (absconding while on pretrial release justifies denial of reduction and imposition of enhancement), cert. denied, 123 S. Ct. 2108 (2003); United States v. Martinez, 234 F.3d 1047, 1047-48 (8th Cir. 2000) (absconding from halfway house and using drugs and alcohol while on pretrial release justifies denial of reduction and imposition of enhancement); United States v. Shinder, 8 F.3d 633, 635 (8th Cir. 1993) (absconding while on

presentencing release justifies denial of reduction and imposition of enhancement). Because K.R.A.'s detention sentence of 37 months does not exceed the sentence a similarly situated adult defendant could have received pursuant to the Sentencing Guidelines without a departure, there is no violation of § 5037's upper limit on juvenile sentences with respect to her. Accordingly, we need not delve into the district court's departure-based analysis and reasoning because any error was harmless. Consequently, we also conclude that K.R.A.'s 22nd birthday is the correct upper limit of her detention period pursuant to § 5037(c) and the Supreme Court's decision in R.L.C.

"Where, as here, there are no applicable sentencing guidelines, we will not overturn a sentence unless it is 'contrary to law' or it is 'plainly unreasonable.'" Tschebaum, 306 F.3d at 544, quoting 18 U.S.C. § 3742(a)(1), (a)(4). The district court carefully took into its consideration the fact that if she had been originally sentenced in 1998 as an adult, her Guideline range would have been 15 to 21 months. The court also recognized that had she been sentenced as an adult, her original sentence to probation would have been a downward departure under the Guidelines since probation is not authorized for a Level 14, Category I adult offender. The district court reviewed her entire history while on probation, including those admitted violations on the record, and concluded that detention until K.R.A.'s 22nd birthday was the appropriate judicial and societal response to her original offense and her later incorrigible behavior.

Our close review reveals that the district court committed no reversible error of law, and, given K.R.A.'s history of serious probation violations, her demonstrated inability to be a law abiding citizen and to obey the court's rules, and the applicable factors enumerated in 18 U.S.C. § 3553(a) to be considered in imposing a probation revocation sentence, we see no plain unreasonableness in the district court's judgment, and there certainly was no abuse of its broad discretion in its determination to order K.R.A. detained until her 22nd birthday.

## III.  CONCLUSION

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.