**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**LEON H., a juvenile, Defendant–Appellant.**

**No. 03–30129.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 5, 2004.

Filed April 16, 2004.

Michael Donahoe, Assistant Federal Defender, Helena, MT, for the defendant-appellant.

Lori Harper Suek, Assistant United States Attorney, Great Falls, MT, for the plaintiff-appellee.

Before HUG, JR., GRABER, and CLIFTON, Circuit Judges.

HUG, Circuit Judge.

Leon H. is an American Indian who lives on the Rocky Boy's Indian Reservation in Montana. On February 6, 2003, Leon H. was convicted in district court for knowingly engaging in sexual acts with a juvenile by using force, in violation of 18 U.S.C. §§ 1153 and 2241(a)(1) and the Federal Juvenile Delinquency Act ("Act"); 18 U.S.C. § 5031, *et seq.* The court found that Leon H. had committed the crime when he was under the age of eighteen and determined that he was a juvenile delinquent. One month later, at his dispositional hearing, Leon H. was sentenced to four years of official detention followed by one year of juvenile delinquent supervision.

He appeals that sentence, arguing that the sentence was incorrectly based on his age at the dispositional hearing rather than his age at the time he committed the crime.[1] This, he argues, violates the Ex Post Facto Clause of the Constitution. Leon H. also makes a statutory argument arising out of ambiguity in the sentencing provisions of the Act, 18 U.S.C. § 5037. Section 5037 sets out different sentencing ranges for juvenile offenders of different ages and specifies the relevant age to apply at hearings for probation revocation and juvenile supervision revocation, but the statute does not state which age to apply for original dispositional hearings. *See* 18 U.S.C. § 5037(b). Leon H. argues that he should have been sentenced according to his age at the time of his offense.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). Because we conclude that the structure of § 5037 assumes that a juvenile will be sentenced based on his or her age at the

1. Based on the transcript it appears that the District Court actually relied on the date the information was filed, rather than the date of the dispositional hearing, but the difference is irrelevant because Leon H. had already passed his eighteenth birthday on both dates.

time of the dispositional hearing rather than at the time the crime is committed and that the statute does not violate the Ex Post Facto Clause, we affirm.

## I. Background

Leon H. was born on May 29, 1984. On July 6, 2001, when he was seventeen, he attended a party at a friend's house. The district court found that, during the course of the party, Leon H. entered a room where another juvenile, T.R.N., was passed out on the bed and engaged in sexual intercourse with her. T.R.N. woke to find him on top of her and tried to fight him off, but was unable to do so until some friends, hearing her shouting, entered the room.

The United States Attorney filed an information against Leon H. on October 9, 2002, when he was eighteen years old. On February 6, 2003, District Judge Haddon conducted a bench trial and found that Leon H. had engaged in sexual acts with a juvenile by using force, in violation of 18 U.S.C. §§ 1153, 2241, and 5031 *et seq.* Based on this finding, the district court determined that Leon H. was a juvenile delinquent.

At his dispositional hearing Leon H. was sentenced under 18 U.S.C. § 5037(c)(2), rather than § 5037(c)(1), which would have applied if he had been under eighteen when he was sentenced. Because Leon H. fell into the eighteen to twenty-one year-old category for disposition, his sentence was determined with respect to what it would have been if he had been convicted as an adult. *See* 18 U.S.C. § 5037(c)(2). If Leon H. had been convicted as an adult, he would have been convicted of Criminal Sexual Abuse, a class A felony; accordingly, under the Federal Juvenile Delinquency Act, he was eligible for the lesser of five years detention or the maximum punishment under the United States Sentencing Guidelines. 18 U.S.C. § 5037(c)(2)(A). His maximum punishment under the Guidelines would have been over eleven years, so the maximum punishment for which Leon H. was eligible was five years. He was sentenced to four years of official detention to be followed by one year of juvenile supervision.

## II. Discussion

### A. Standard of Review

We review the district court's interpretation of 18 U.S.C. § 5037(c) *de novo. See United States v. Cabaccang,* 332 F.3d 622, 624–25 (9th Cir.2003) (en banc); *see also United States v. K.R.A.,* 337 F.3d 970, 974 (8th Cir.2003). The constitutionality of a sentence is also reviewed *de novo. United States v. Mezas de Jesus,* 217 F.3d 638, 642 (9th Cir.2000).

### B. Relevant Age for Sentencing

The fact that 18 U.S.C. § 5037 does not specify the appropriate age to use during the original dispositional hearing, but does specify the age to be used for probation revocation hearings and juvenile supervision revocation hearings, creates an ambiguity in the statute. The statute is not clear on its face whether a juvenile's original sentence should be based on his age at the time of the offense, at the time the information is filed, or at the time of the dispositional hearing. To resolve this ambiguity, we look first to the words of the statute. *Wilderness Soc'y v. United States Fish & Wildlife Serv.,* 353 F.3d 1051, 1060 (9th Cir.2003) (en banc).

Subsections (b) and (c) set out two different categories of punishment. For a juvenile who "*is* less than eighteen years old" the punishment may not extend beyond the juvenile's twenty-first birthday. 18 U.S.C. § 5037(b)(1) and (c)(1) (emphasis added). For a juvenile who "*is* between

eighteen and twenty-one years old" the punishment may not extend beyond three years to five years, depending on the seriousness of the conviction. *Id.* § 5037(b)(2) and (c)(2)(emphasis added). The verbs used in both of these sections are in the present tense. We agree with the Eighth Circuit that Congress used the present tense to indicate that a juvenile should be placed into one of these two age groups based on the juvenile's age at the time of sentencing.[2] *See K.R.A.*, 337 F.3d at 977.

This interpretation is bolstered when we look at the overall statutory context. We must interpret a provision as it relates to the "language and design of the statute as a whole." *See K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988). The Federal Juvenile Delinquency Act provides special consideration for defendants who commit crimes before their eighteenth birthday. The Act does not apply unless (1) the crime was committed by someone under the age of eighteen, and (2) the information was filed before the defendant turned twenty-one. *United States v. Male Juvenile,* 280 F.3d 1008, 1017 (9th Cir.2002); *United States v. Doe,* 631 F.2d 110, 112–13 (9th Cir.1980). Thus, a defendant who commits a crime after his or her eighteenth birthday can never claim the protections of this Act.

If we were to hold that the age of the defendant at the time of the offense is the relevant age for sentencing, the category for defendants between eighteen and twenty-one years old, § 5037(b)(2) and (c)(2), would never apply because all defendants subject to this Act, by definition, must have committed their offenses before their eighteenth birthdays. *See* 18 U.S.C. § 5031. We avoid statutory interpretations that render entire sections of the statute superfluous. *United States v. Powell,* 6 F.3d 611, 614 (9th Cir.1993); *see also Lau Ow Bew v. United States,* 144 U.S. 47, 59, 12 S.Ct. 517, 36 L.Ed. 340 (1892) ("Nothing is better settled than that statutes should receive a sensible construction, such as will effectuate the legislative intention, and, if possible, so as to avoid an unjust or an absurd conclusion.") And, in this case, there is an interpretation that prevents this undesirable result. If we interpret § 5037 to mean that the juvenile's age at the time of sentencing is the operative age, then both of the age categories created by Congress will be used, because there will certainly be defendants, such as Leon H., who commit crimes near their eighteenth birthdays but are not prosecuted until after their eighteenth birthdays.

This interpretation also makes sense from a policy perspective. As other courts have noted, a juvenile sentencing scheme in which the potential penalty that can be applied decreases as the defendant ages is "nonsensical." *See K.R.A.*, 337 F.3d at 977; *United States v. Female Juvenile,* 103 F.3d 14, 17(5th Cir.1996). The two age categories created by Congress were

2. The district court appears to have used Leon H.'s age at the time the information was filed to determine whether he fell into § 5037(c)(1) or (c)(2). Although it makes no practical difference in this case because Leon H. had already passed his eighteenth birthday by the date the information was filed, we conclude that the district court should have used Leon H.'s age at the time of the dispositional hearing. The same verb-tense argument that convinced us that the juvenile's age at the time of the offense is not the appropriate age to use for sentencing also convinces us that the juvenile's age at the time the information is filed should not be used. Because the sentencing provisions relating to age in § 5037 are drafted in the present tense, Congress must have intended courts to apply the age of the juvenile *at the dispositional hearing* when determining whether the juvenile should be sentenced under (c)(1) or (c)(2).

designed to ensure that a seventeen-year-old offender is not able to slip through the cracks between the juvenile system and the adult criminal system. In short, they were designed to work exactly as they did in this case, by providing a sentence of appropriate length to a juvenile delinquent whose crime was committed just before his eighteenth birthday.

C. Ex Post Facto Clause

Leon H. argues that sentencing him according to his age at the time of either the information or the disposition allows the government to "game" the system by simply delaying charges until his birthday. He believes this interpretation of the statute violates the Ex Post Facto Clause because the applicable penalties had he been sentenced as a seventeen-year-old are less than the ones he received when he was sentenced as an eighteen-year-old.

Neither the government's delay, nor the change in Leon H.'s sentence as a result of the delay, violated the Ex Post Facto Clause. Prosecutors enjoy absolute immunity in their decisions both to prosecute and not to prosecute. *Imbler v. Pachtman,* 424 U.S. 409, 427–28, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Roe v. City and County of San Francisco,* 109 F.3d 578, 583 (9th Cir.1997). And courts have routinely upheld prosecutorial decisions that not only subject juvenile offenders to harsher penalties within the juvenile justice system, but also decisions that remove the defendants from the juvenile system entirely. *See, e.g., Male Juvenile,* 280 F.3d at 1017; *United States v. Thomas,* 114 F.3d 228, 264 (D.C.Cir.1997). Both § 5037 and the doctrine of prosecutorial discretion significantly pre-date Leon H.'s crime. The potential that he would be subject to the harsher level of penalties if he were sentenced after his eighteenth birthday existed when Leon H. committed his crime.

The two cases Leon H. cites in his defense do not help him. *Kring v. Missouri,* 107 U.S. 221, 2 S.Ct. 443, 27 L.Ed. 506 (1883), provided only slim help to Leon H. as written, and none at all now that it has been overruled by *Collins v. Youngblood,* 497 U.S. 37, 50, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). In *Kring,* the state of Missouri changed its law concerning the impact that the reversal of a plea agreement on a lesser charge has on the more serious charge stemming from the crime. *Kring,* 107 U.S. at 224, 2 S.Ct. 443. Under the law in effect when Kring committed his crime, the reversal of his plea to second-degree murder would have acquitted him of first-degree murder as well, but the new law removed that preclusive effect. The Court held that the new law, removing that "protection," could not apply to Kring. *Id.* at 235–36. Thus, in *Kring,* there was an actual change in the law that implicated the Ex Post Facto Clause. Leon H. can point to no such change.

In *Youngblood,* however, the Court removed what protection *Kring* may have provided. The Court stated that the holding in *Kring* implied a broad reading of the Ex Post Facto Clause to protect defendants against "any change which 'alters the situation of a party to his disadvantage.'" *Youngblood,* 497 U.S. at 50, 110 S.Ct. 2715 (quoting *Kring,* 107 U.S. at 228–29, 2 S.Ct. 443). The *Youngblood* Court thought this broad reading was neither intended by the Framers nor supported by precedent, and the Court accordingly overruled *Kring. Id.*

The second case on which Leon H. relies, *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), is a due process case. It holds that a defendant cannot be convicted of a criminal statute so vague that a reasonable

person would not be able to understand in advance what actions are actually prohibited. *Id.* at 351, 84 S.Ct. 1697. Leon H.'s situation is not analogous. Both § 5037 and prosecutorial discretion regarding the timing of a case were clear and in existence when Leon H. went to the party.

## III. Conclusion

We conclude that Leon H. was correctly sentenced under 18 U.S.C. § 5037(c)(2) because he had passed his eighteenth birthday at the time of his disposition. We also conclude that his sentencing was not a violation of the Ex Post Facto Clause. His sentence is therefore AFFIRMED.