# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3432

_____

United States of America,

        Appellee,

    v.

T.D.Q.,

        Appellant.

\* * * * * * * * * *

Appeal from the United States
District Court for the
District of South Dakota.

[UNPUBLISHED]

_____

Submitted: October 6, 2006
Filed:  October 17, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In 2004 the district court[1] found T.D.Q. (then age 16) to be a juvenile delinquent, pursuant to a written plea agreement in which T.D.Q. admitted guilt to one count of first-degree burglary, in violation of 18 U.S.C. §§ 1153, 5032, and S.D. Codified Laws § 22-32-1. The district court sentenced him to 4 years probation, but in January 2005, the court revoked probation after T.D.Q. violated several probation conditions, and sentenced him to 3 months in prison and 24 months of juvenile-delinquent supervision. While T.D.Q. was serving his juvenile-delinquent

_____

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

supervision, the probation office petitioned to revoke supervision based on an alleged violation of T.D.Q.'s supervision conditions. After a hearing at which T.D.Q. admitted to the alleged violation, the court revoked juvenile-delinquent supervision and imposed a new sentence of 18 months imprisonment. In doing so, the court commented on the Chapter 7 Guidelines recommended revocation range, T.D.Q.'s prior violations while on supervision, the failure of alternative punishments to rehabilitate him, and the need to protect the community. T.D.Q. appeals, arguing that the sentence is unreasonable because the district court did not recognize the relevant sentencing factors under 18 U.S.C. § 3553(a).

The revocation sentence was not unreasonable. See United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (revocation sentences are reviewed for unreasonableness in accordance with United States v. Booker, 543 U.S. 220 (2005)). The sentence was within authorized limits, see 18 U.S.C. § 5037(c)(2)(A), (d)(5), and the district court considered appropriate factors in imposing it, see United States v. K.R.A., 337 F.3d 970, 974-75 (8th Cir. 2003) (Guidelines themselves do not apply directly to juveniles; § 5037 is starting point for determining dispositional order in juvenile matters); cf. United States v. Franklin, 397 F.3d 604, 606-07 (8th Cir. 2005) (all that is required is evidence that court considered relevant matters, not that court made specific findings on each § 3553(a) factor; 24-month revocation sentence, where Guidelines recommended 8-14 months, was not abuse of discretion where transcript showed court was aware of defendant's multiple violations of supervised-release conditions and of Guidelines range and statutory maximum); United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (if sentencing judge references some § 3553(a) considerations, appellate court is ordinarily satisfied district court was aware of entire contents of statute).

Accordingly, we affirm. We grant counsel's motion to withdraw on condition that he show that he has informed T.D.Q. of the procedures for petitioning the

Supreme Court for certiorari, in compliance with Part V of our plan to implement the Criminal Justice Act.

_____