*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Esteban MONTES–DIAZ, Defendant—Appellant.**

No. 05–50529.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Nov. 29, 2006.

Becky S. Walker, Esq., Bonnie L. Hobbs, Esq., USLA—Office of the U.S.

---

Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Gary P. Burcham, Esq., San Diego, CA, for Defendant–Appellant.

Before: REINHARDT and BYBEE, Circuit Judges, and BURNS *, District Judge.

MEMORANDUM **

Defendant–Appellant Esteban Montes–Diaz ("Appellant") appeals his conviction and sentence for assault with a dangerous weapon within the territorial jurisdiction of the United States in violation of 18 U.S.C. § 113(a). The facts and procedural history are familiar to the parties, and we do not repeat them here.

Appellant challenges his conviction on the grounds that the district court ran afoul of Federal Rule of Evidence 403 in admitting evidence of an inmate code of silence to show witness bias and help explain why the government failed to call certain witnesses. We review evidentiary rulings for an abuse of discretion. *United States v. Parks*, 285 F.3d 1133, 1138 (9th Cir.2002); *see also United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir.1991) ("The district court has wide latitude in determining the admissibility of evidence under Rule 403, and its decision is accorded considerable deference." (internal citations and quotation marks omitted)). Applying that standard, we hold that the district court did not abuse its discretion in admitting the challenged inmate code of silence evidence. *See United States v. Abel*, 469 U.S. 45, 52–55, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984); *United States v. Takahashi*, 205 F.3d 1161, 1165 (9th Cir.2000); *United States v. Hankey*, 203 F.3d 1160, 1172–73 (9th Cir.2000).

Appellant also contends that his sentence violated the Ex Post Facto Clause because *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), made it possible for the district court to sentence him above the mandatory Guidelines range in place when he committed his crime. We review a constitutional attack on a sentence de novo. *United States v. Leon H.*, 365 F.3d 750, 752 (9th Cir.2004). Though Appellant styles his argument as one based on the Ex Post Facto Clause, he candidly admits that "it is certainly true that the Ex Post Facto Clause applies to changes in the law brought about by legislative, not judicial acts." Consequently, Appellant's argument is more properly characterized as a due process challenge, and that argument is foreclosed by *United States v. Dupas*, 419 F.3d 916, 920–21 (9th Cir.2005), which held that the retroactive application of *Booker*—in a manner that permits a court to increase a defendant's sentence beyond the previously mandatory range—does not violate any *ex post facto* principles that might inhere in the Fifth Amendment's Due Process Clause.

Accordingly, Appellant's conviction and sentence are **AFFIRMED.**

---

* The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.