# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 08-1776

_____

United States of America,

        Plaintiff – Appellee,

v.

P.A.V. (Juvenile Male),

        Defendant – Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: November 10, 2008
Filed: November 21, 2008

_____

Before MURPHY, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

P.A.V. challenges as unreasonable the 60 month detention the district court[1] imposed following revocation of his juvenile probation. In 2005, when he was sixteen years old, P.A.V. was adjudicated a juvenile delinquent after he admitted committing what would have been a Class A felony for an adult. He was given a term of probation until his twenty first birthday with the special condition that he participate in various rehabilitative programs. After attending an alternative school and completing several treatments, P.A.V. entered a halfway house in Sioux Falls, South

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

Dakota. Due to disciplinary problems it was decided that P.A.V. would be transferred to a facility in Fargo, North Dakota. On March 3, 2008, P.A.V. was released at the Sioux Falls bus station to take a bus to Fargo, but he did not board the bus and disappeared. He was eventually located, and the United States Probation Office moved to revoke his probation. P.A.V. admitted the probation violation, and the district court imposed a 60 month term of official detention.

P.A.V. appeals this sentence as unreasonable. He argues that the district court failed to state its reasons for rejecting the recommended sentencing guideline range of 3–9 months detention and for imposing the maximum term of detention permitted. He also contends that the court gave inadequate weight to the rehabilitative purpose of the Federal Juvenile Delinquency Act (FJDA). We review a term of detention imposed under the FJDA to determine whether it was imposed in violation of law or is plainly unreasonable. 18 U.S.C. § 3742(a)(1), (4); United States v. M.R.M., 513 F.3d 866, 868 (8th Cir. 2008). Because P.A.V. did not raise any of his current arguments during his revocation hearing, we review under a plain error standard. M.R.M., 513 F.3d at 870. The district court has broader discretion when sentencing juvenile offenders than adults, United States v. K.R.A., 337 F.3d 970, 978 (8th Cir. 2003), and the sentencing guidelines do not apply to juvenile adjudications, even in an advisory sense. United States v. R.L.C., 503 U.S. 291, 307 (1992).

P.A.V. argues that the district court failed to consider the sentencing guideline recommendation of 3–9 months detention for violation of a condition of probation. U.S. Sentencing Guidelines Manual § 7B1.4 (2007). A juvenile's term of detention following a parole violation is governed not by the sentencing guidelines, however, but rather by 18 U.S.C. § 5037(c). See M.R.M., 513 F.3d at 868. The court may order a term of official detention if a juvenile violates a condition of probation, and the juvenile's age at the time probation was revoked and the seriousness of the underlying offense are considered in determining the length of detention. 18 U.S.C. § 5037(c).

P.A.V. was eighteen years old at the time of revocation, and his original offense would have been a Class A felony for an adult. Under the statute his detention period cannot be more than five years or the maximum guideline range applicable to a similarly situated adult, whichever is lower. Id. § 5037(c)(2). Since the guideline imprisonment range that would have applied to an adult in P.A.V.'s circumstances was 151 to 188 months, the maximum term of detention that P.A.V. could receive was five years. The sentencing guidelines are relevant in juvenile adjudications only for the purpose of determining the maximum term of detention, and not for determining what sentence is appropriate below that threshold. See R.L.C., 503 U.S. at 306–07. The district court was therefore not required to explain why a 3–9 month term of detention was insufficient.

P.A.V. contends that the district court failed adequately to identify its reasons for imposing the maximum term of detention given the minor nature of P.A.V.'s probation violation. The district court stated that it had reviewed reports from each of the treatment programs that P.A.V. had been placed in and that it had concluded that P.A.V. had not responded adequately to this treatment. The court noted P.A.V.'s resistance to following the conditions of his probation, determined that there was a high risk that he would reoffend, and that a term of official detention was the only way to ensure public safety. We find that the district court's disposition was adequately explained and that it was not plainly unreasonable to impose the maximum term of detention.

Finally, P.A.V. contends that the district court failed to give proper weight to the rehabilitative purpose of the Federal Juvenile Delinquency Act (FJDA).[2]

---

[2]P.A.V. contends that the FJDA requires the court to place the juvenile in the least restrictive environment and that the district court failed to do so. We recently held that there is no least restrictive disposition requirement under the FJDA. M.R.M., 513 F.3d at 869.

Rehabilitation is an important purpose of the FJDA, but it is not the only one, and district courts may give "due consideration . . . to protection of the public or deterrence." M.R.M., 513 F.3d at 869.  In any event the record shows that the district court did consider rehabilitative concerns.  The court stated that P.A.V. "had [been] placed in several . . . programs to try to get [him] on the right track.  It has not worked."  The court expressed that it was difficult to impose a term of detention for P.A.V., but that it saw no other choice given the need to protect the public and that it would recommend to the Bureau of Prisons that P.A.V. be sent to a treatment program during his detention.  We conclude that the district court gave adequate consideration to the rehabilitative purpose of the FJDA.

Considering the plain error standard applicable to each of P.A.V.'s claims and the broad discretion granted the district court in juvenile adjudications, we conclude that the period of official detention ordered by the district court was not contrary to law or plainly unreasonable. Accordingly, the judgment is affirmed.

——————————————————