# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 01-1797/1802

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Hans Tschebaum, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 14, 2002

Filed: October 3, 2002

_____

Before HANSEN, Chief Judge, MORRIS SHEPPARD ARNOLD, Circuit Judge, and
PRATT,[1] District Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Hans Tschebaum appeals the judgment of the district court revoking his probation and ordering him to serve 30 months of imprisonment. We affirm the order revoking Mr. Tschebaum's probation, but we vacate the sentence and remand to the district court for further proceedings.

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

## I.

Mr. Tschebaum entered into an agreement with the government under which he pleaded guilty to one count of making a false statement to the Internal Revenue Service, *see* 18 U.S.C. § 1001, and two counts of failing to file an income tax return, *see* 26 U.S.C. § 7203. Mr. Tschebaum's presentence investigation report indicated that his sentencing range under the United States Sentencing Guidelines was 15-21 months, but because of the assistance that he provided to the government the district court departed downward, *see* U.S.S.G. 5K1.1, and sentenced him to five years of probation, including six months of home detention.

After Mr. Tschebaum began serving his sentence of probation in California, he filed a motion in the sentencing court to terminate his home detention, claiming that he had been under home-detention restrictions for at least six months. The court granted the motion, but later, after it was told by the probation officer that Mr. Tschebaum had obtained the ruling through misrepresentations, the court ordered him to show cause why his probation should not be revoked. The government also moved to revoke Mr. Tschebaum's probation, alleging that he had, *inter alia*, misrepresented his income and expenditures in the monthly reports that he had filed with his supervising probation officer and had left his home jurisdiction without permission to travel to Nevada.

At the probation-revocation hearing, the government presented evidence that during the first six months of 2000 Mr. Tschebaum filed monthly supervision reports with his probation officer in which he significantly under-reported his expenditures and failed to report about $1.8 million in income. The evidence indicated that Mr. Tschebaum did not report as income some commissions that he placed in a trust account through a corporation. According to an accountant whose testimony Mr. Tschebaum offered at the hearing, the trust account and corporation appeared to have been created to avoid paying individual income taxes.

After finding that Mr. Tschebaum had violated his probation, the district court revoked his probation and sentenced him to 30 months of imprisonment on the § 1001 violation with a ten-month term for each of the two § 7203 violations to run concurrently.  Mr. Tschebaum asserts on appeal that there was insufficient evidence to support the district court's decision to revoke his probation, and that the district court abused its discretion by sentencing him to 30 months imprisonment.

## II.

We review the district court's decision to revoke probation for an abuse of discretion.  *See United States v. Leigh*, 276 F.3d 1011, 1012 (8th Cir. 2000) (per curiam).  In order to warrant the revocation of a sentence, a probation violation must be "substantial." *Id.*

The district court made several findings that are well supported in the record and that, in turn, support its decision to revoke Mr. Tschebaum's probation.  First of all, the court found that Mr. Tschebaum made misrepresentations to his attorney and to the court about whether he was under home detention from the onset of his probation.  With regard to financial matters, the court found that the corporation and the trust that Mr. Tschebaum created had no legitimate business purpose and "appear[ed] ... to be a sham."  The court further determined that Mr. Tschebaum set up these entities to avoid or perhaps to evade taxation, and also to mislead the probation officer as to his income, and that he should have reported the corporate and trust income and expenditures on his monthly reports to his probation officer.  The court then concluded that the government had established that Mr. Tschebaum had violated 28 U.S.C. § 1001, making a materially false report.  After also finding that Mr. Tschebaum had traveled outside the district without authorization, the court revoked his probation.

We do not believe that the district court was required to accept Mr. Tschebaum's counsel's assertion that his client thought that $1.8 million in

income and significant expenditures were properly omitted from his probation reports, that Mr. Tschebaum believed that he had completed six months of home detention, or that he did not need to obtain permission to stop in Las Vegas on his return trip from a court appearance in Missouri. We also note that Mr. Tschebaum did not deny that he traveled to Las Vegas on another occasion without authorization. We conclude that the evidence quite clearly supported a finding that Mr. Tschebaum committed substantial violations, and that the district court did not abuse its discretion by revoking his probation.

## III.

We next address Mr. Tschebaum's contention that the district court erred when it sentenced him to 30 months of imprisonment. Under 18 U.S.C. § 3565(a), if a defendant violates probation, "the court may ... after considering the factors set forth in section 3553(a) to the extent that they are applicable," revoke the defendant's probation and "resentence" him or her "under subchapter A," i.e., 18 U.S.C. §§ 3551-3559.

In *United States v. Iversen*, 90 F.3d 1340, 1345 & n.6 (8th Cir. 1996), we held that a district court has the power "to sentence a probation violator within the range of sentences available at the time of the initial sentence." Here the parties agree that Mr. Tschebaum's original guideline sentencing range was 15-21 months, but the district court did not refer to that range when sentencing Mr. Tschebaum. We believe, however, that neither *Iversen* nor § 3565(a) requires a court to sentence a defendant within the original sentencing range when his or her probation is revoked.

This reading of *Iversen* and of § 3565(a) is bolstered by the fact that an earlier version of this statute required a sentencing court after revoking probation to "impose any other sentence that was available under subchapter A at the time of the initial sentencing," 18 U.S.C. § 3565(a)(2) (1988). In 1994, however, Congress amended the statute to empower a court more generally to "resentence the defendant under

subchapter A," *see* 18 U.S.C.A. § 3565(a)(2). "[S]ubchapter A," 18 U.S.C. §§ 3551-3559, contains the general statutory provisions for imposing a sentence, and we believe that in amending the statute Congress intended to broaden a sentencing court's power by allowing it simply to resentence probation violators under that subchapter. *See United States v. Schaefer*, 120 F.3d 505, 507 (4th Cir.1997) (§ 3565(a)(2) "plainly permits a district court to begin the sentencing process anew and to impose any sentence appropriate under the provisions of subchapter A"); *see also United States v. Cook*, 291 F.3d 1297, 1300 (11th Cir. 2002) (per curiam); *United States v. Hudson*, 207 F.3d 852, 853 (6th Cir.2000), *cert. denied*, 531 U.S. 890 (2000); *United States v. Pena*, 125 F.3d 285, 287 (5th Cir.1997), *cert. denied*, 523 U.S. 1079 (1998).

With respect to probation violations, § 3565(a) refers a sentencing court both to subchapter A generally and specifically to § 3553(a), which is found in that subchapter. Section 3553(a), in turn, requires the court to consider, *inter alia*, the United States Sentencing Guidelines: "[I]n the case of a violation of probation," the court "shall consider" the applicable sentencing guidelines or policy statements. *See* 18 U.S.C. § 3553(a)(4)(B). The sentencing commission has chosen to issue policy statements dealing with sentences that follow probation violations, *see* U.S.S.G. Ch. 7, but no guidelines, and we have held that these policy statements are merely advisory. *See United States v. Brown*, 203 F.3d 557, 558 (8th Cir. 2000) (per curiam); U.S.S.G. Ch. 7, pt. A (1).

Because the commission has promulgated no guidelines addressing sentences following probation violations, we are of the view that when a defendant's probation is revoked a sentencing court should give attention to the policy statements found in chapter 7 of the sentencing guidelines and to the other considerations identified in § 3553(a), as applicable, and then sentence the defendant within the statutory limits for the original crime. Where, as here, there are no applicable sentencing guidelines, we will not overturn a sentence unless it is "contrary to law" or it is "plainly

unreasonable." 18 U.S.C. § 3742(a)(1), (a)(4); *see United States v. Teran*, 98 F.3d 831, 836 (5th Cir.1996).

Here the district court plainly did "consider," 18 U.S.C. § 3553(a), the table of suggested sentencing ranges in the policy statements in chapter 7 of the sentencing guidelines. *See* U.S.S.G. § 7B1.4. These sentencing ranges are based on the "grade" (seriousness) of the defendant's probation violation and the defendant's criminal history category at the time that he or she was originally sentenced. *See id.*; *see also* U.S.S.G. § 7B1.1. The court first determined that Mr. Tschebaum's suggested sentencing range under this table was 4 to 10 months, a determination adequately supported by the record. The court then concluded that the suggested range did not adequately reflect the seriousness of Mr. Tschebaum's probation violation, and we note that in rejecting a sentence supported by the relevant table the court was "not required to make the explicit, detailed findings required when it departs upward from a binding guideline" because the policy statements in chapter 7 are only advisory. *See United States v. Jones*, 973 F.2d 605, 607-08 (8th Cir. 1992); *see also United States v. Shaw*, 180 F.3d 920, 922-23 (8th Cir.1999) (per curiam).

But, as we have already said and Mr. Tschebaum argues, in sentencing him the district court was also required to take into account the general sentencing considerations set forth in § 3553(a), namely, "the nature and circumstance of the offense and the history and characteristics of the defendant"; the need for the sentence to reflect the crime's seriousness, promote respect for law, provide just punishment, provide deterrence, protect the public from the defendant's further crimes, and provide effective correctional treatment; "the kinds of sentences available"; the avoidance of disparities in sentences; and the need for restitution to the crime's victims. Although the court need not mechanically "list every consideration of § 3553(a) when it sentences a defendant," it is "important is that there is evidence that the court has considered the relevant matters, and that some reason is stated for the court's decision." *See United States v. Adams*, 104 F.3d 1028, 1031 (8th Cir. 1997).

It is not evident to us here that the court in fact considered all the "relevant matters" in § 3553(a). *Cf. id.* We therefore believe that it is necessary to remand this case to the district court for further proceedings.

We also believe that a remand is necessary here because it may be inferred from the record that in sentencing Mr. Tschebaum the court relied, in part, on its conclusion that Mr. Tschebaum illegally obtained the funds that he acquired during probation. But we have not located any support for this conclusion in the record. At resentencing, we therefore ask the court to refer to both chapter 7 of the guidelines and to the relevant considerations in § 3553(a), that it explain in greater detail the reasons for the sentence imposed, and, where necessary, that it explain where in the record support for these reasons may be found.

V.

Accordingly, we affirm the order revoking Mr. Tschebaum's probation, but we vacate the 30-month sentence and remand to the district court for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.