# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-3400

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Conrad A. Jasper, | * | |
| | * | |
| Defendant - Appellant. | * | |

———————

Submitted:   April 17, 2003

Filed:   August 4, 2003

———————

Before BOWMAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

———————

BYE, Circuit Judge.

Conrad Jasper appeals the district court's[1] imposition of a 48-month prison sentence following revocation of Jasper's supervised release.  We affirm.

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

I

Jasper pleaded guilty to conspiracy to distribute cocaine base and was sentenced to 70 months incarceration. The 70-month sentence reflected a downward departure from a minimum guideline sentence of 210 months. Jasper served his prison term and began serving his period of supervised release January 12, 2001.

Within a few months, Jasper racked up several violations of his supervised release terms. On February 28, 2002, the district court held a hearing and determined Jasper violated his supervised release by failing to 1) report to his probation officer, 2) maintain his employment, and 3) comply with drug testing. The District Court ordered Jasper to enter a work-release facility, and continued the matter until September 2002. On September 11, 2002, the district court held a second hearing to consider Jasper's progress in the work-release program, as well as additional violations alleging the use of alcohol and drugs. After the hearing, the district court revoked Jasper's supervised release and sentenced him to 48 months incarceration followed by no supervised release. The 48-month sentence was within the statutory maximum sentence of 60 months, see 18 U.S.C. §§ 3583(b)(1) & 3583(e)(3), but exceeded the 8-14 month sentence suggested by Chapter 7 of the United States Sentencing Guidelines (U.S.S.G).

II

Jasper first contends the district court abused its discretion by failing to properly consider the statutory sentencing factors found in 18 U.S.C. § 3553(a).[2]

---

[2]Under 18 U.S.C. § 3553(a), a district court is required to consider a variety of factors when imposing a criminal sentence, including: 1) the nature of the offense; 2) the history and characteristics of the defendant; 3) the seriousness of the offense; 4) the need for deterrence; 5) the need to protect the public from further crimes; 6) the kinds of sentences available; 7) in the case of a supervised release violation, the

Under 18 U.S.C. § 3583(e)(3), the district court may revoke a term of supervised release if it finds by a preponderance of the evidence the defendant violated the terms of his supervised release. In determining an appropriate sentence, the court must consider various factors relevant to the defendant and the offense, including pertinent U.S.S.G. policy statements. 18 U.S.C. § 3553(a). The sentencing court "shall impose a sentence sufficient, but not greater than necessary, to comply with" the sentence's purposes, which are set forth in section 3553(a)(2). Id. Although the court must recognize "that imprisonment is not an appropriate means of promoting correction and rehabilitation," the sentencing purposes the court must consider include promoting "respect for the law" and providing the defendant "with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Compare 18 U.S.C. § 3582(a) with § 3553(a)(2).

The district court found Jasper violated his supervised release by, among other things, failing to submit to drug testing, using controlled substances and alcohol, failing to maintain his employment, failing to stay in contact with his probation officer, and getting arrested for disorderly conduct. The court also took notice of Jasper's antagonistic attitude towards authority figures and his apparent inability to conform his behavior to the parameters of his supervised release. The court specifically commented on Jasper's repeated violations of his supervised release, the relative severity of those violations, and the significant downward departure granted at his original sentencing. In the end, the court concluded: "To reflect the seriousness of the offense, to promote respect for the law, to provide for just punishment, and to afford deterrence, I now revoke the conditions of supervised release and sentence [you] to 48 months in prison . . . ."

---

applicable Guidelines and policy statements issued by the Sentencing Commission . . .; and 8) the need to avoid disparities among defendants with similar records.

"Although the court need not mechanically 'list every consideration of § 3553(a) when it sentences a defendant,' it is 'important . . . that there is evidence that the court has considered the relevant matters, and that some reason is stated for the court's decision.'" United States v. Tschebaum, 306 F.3d 540, 545 (8th Cir. 2002) (quoting United States v. Adams, 104 F.3d 1028, 1031 (8th Cir. 1997). As reflected above, it is apparent the district court considered the factors outlined in § 3553(a), and we are satisfied the district court did not abuse its discretion.

Jasper next argues the district court abused its discretion by imposing a sentence beyond the recommended sentencing range contained in Chapter 7 of the U.S.S.G.

Although a sentencing court is required to consider the policy statements, United States v. Hensley, 36 F.3d 39, 42 (8th Cir. 1994), it is entirely free to impose a revocation sentence outside of the policy statements' suggested range when, "in its considered discretion," such a sentence is warranted. United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995). "[T]his circuit has consistently held that the policy statements in Chapter 7 of the Guidelines regarding supervised release violations are advisory to, rather than binding on, the district court." United States v. Brown, 203 F.3d 557, 558 (8th Cir. 2000). Furthermore, Application Note 4 of § 7B1.4, indicates "[w]here the original sentence was the result of a downward departure . . . an upward departure may be warranted."

Here the district court determined Jasper's violations were Grade C and his criminal history category was VI. The court took note of the suggested sentencing range of 8-14 months under Chapter 7, but concluded the suggested range did not adequately reflect the seriousness of the violations. In so doing, the court was "'not required to make the explicit, detailed findings required when it departs upward from a binding guideline' because the policy statements in chapter 7 are only advisory." Tschebaum, 306 F.3d at 544 (quoting United States v. Jones, 973 F.2d 605, 607-08

(8th Cir. 1992) (citation omitted)). Accordingly, we conclude the district court adequately considered the Chapter 7 policy statements and did not abuse its discretion by imposing a sentence above the suggested sentencing range.

III

The sentence of the district court is affirmed.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.