# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1518

_____

United States of America,      *
                               *
          Appellee,            *      Appeal from the United States
                               *      District Court for the Northern
     v.                        *      District of Iowa.
                               *
Duane Joseph Clasen,           *          [UNPUBLISHED]
                               *
          Appellant.           *

_____

Submitted:  October 20, 2003

Filed:  November 28, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and MURPHY, Circuit
     Judges.

_____

PER CURIAM.

Duane Clasen appeals the district court's[1] imposition, upon revocation of his supervised release, of a 36-month prison term. Mr. Clasen's term of supervised release resulted from his conviction for distributing amphetamine (a schedule II controlled substance, *see* 21 C.F.R. § 1308.12(d)) after previously having been convicted of a felony drug offense, *see* 21 U.S.C. §§ 841(a)(1), 851. Because the

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

crime that resulted in Mr. Clasen's term of supervised release was a Class B felony, *see* 18 U.S.C. § 3559(a)(2); 21 U.S.C. § 841(b)(1)(C), upon revocation he could be required to serve no more than three years in prison, *see* 18 U.S.C. § 3583(e)(3), the sentence that the district court imposed.

Mr. Clasen maintains that the district court erred in failing to consider the matters set forth in 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3583(e). These statutes direct a district court, in fixing a sentence following the violation of the conditions of supervised release, to consider the nature and circumstances of the violation, the history and characteristics of the defendant, the need to deter future criminal conduct by the defendant, the protection of the public, and the defendant's need for educational or vocational training, medical care, or other correctional treatment. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D); 3583(e). The district court must also consider the kinds of sentences and the sentencing range established by the sentencing guidelines, and any pertinent policy statements in the guidelines. *See* 18 U.S.C. §§ 3553(a)(4), (a)(5), (a)(6); 3583(e).

The district court found that Mr. Clasen violated his supervised release by distributing methamphetamine, using illegal drugs, and failing to pay restitution. The court also noted that Mr. Clasen had violated the conditions of previous sentences of supervised release by being convicted of possession of methamphetamine with intent to deliver it, distributing and aiding and abetting the distribution of cocaine, and distributing amphetamine. The district court noted that Mr. Clasen's continuing violations of supervised release showed his "complete disregard for the law."

In arriving at a sentence, the court did not mechanically list every consideration enumerated in § 3553(a), but it was not required to. *See United States v. Jasper*, 338 F.3d 865, 867 (8th Cir. 2003). It is enough if the record reveals that the district court considered the relevant matters and gave some reason for its sentencing decision. *See id.* Here, the district court considered the nature and circumstance of the violations,

as well as the defendant's history and characteristics. The court recited the seriousness of the defendant's prior convictions, violations, and new offenses, thus demonstrating the need for a substantial sentence in order to provide deterrence and protect the public.

The district court also considered the entire range of sentences available to it under the circumstances. Because Mr. Clasen violated the conditions of his supervised release by possessing a controlled substance, the court was required to revoke his supervised release. *See* 18 U.S.C. § 3583(g)(1). The district court noted that the sentencing guidelines suggested a sentence of 24-30 months. *See* U.S.S.G. § 7B1.4. The sentencing guidelines, however, contain only policy statements concerning the revocation of supervised release, which are not binding on the district court. *See United States v. Shaw*, 180 F.3d 920, 922 (8th Cir. 1999) (per curiam). The district court thus committed no error in sentencing Mr. Clasen to the statutory maximum term of imprisonment for violating the conditions of his supervised release.

Affirmed. *See* 8th Cir. R. 47 (B).

_____