# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 03-2511

_____

United States of America,    *
                             *
            Appellee,        *
                             *    Appeal from the United States
      v.                     *    District Court for the
                             *    District of Nebraska.
Jansen Joe Yarbrough,        *
also known as Unknown Red,   *        [UNPUBLISHED]
                             *
            Appellant.       *


_____

Submitted: February 11, 2004
       Filed: February 23, 2004

_____

Before MORRIS SHEPPARD ARNOLD, HANSEN, and RILEY, Circuit Judges.

_____

PER CURIAM.

In 2001, Jansen Joe Yarbrough pleaded guilty to conspiring to distribute and possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 846. The district court[1] sentenced him to 120 months in prison and 5 years of supervised release. A short time later, the government moved under Federal Rule of Criminal Procedure 35(b) to reduce Yarbrough's sentence to reward his substantial

_____

[1] The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

assistance, and the district court reduced his sentence to 20 months in prison and 5 years of supervised release.

Yarbrough began serving his term of supervised release in late 2002. In early 2003, his probation officer petitioned to revoke his supervised release. The district court held a hearing at which Yarbrough admitted that he had violated the conditions of his release by possessing approximately a quarter-pound of marijuana with intent to distribute and by being convicted of having an open container of alcohol in public. The district court revoked his supervised release and sentenced him to 36 months in prison and one additional year of supervised release. This revocation sentence was above the range of 15 to 21 months in prison recommended by the nonbinding policy statements in Chapter 7 of the U.S. Sentencing Guidelines Manual, but was below the 5-year statutory maximum.

Yarbrough appeals. He argues that the district court imposed too harsh a sentence, did not reasonably weigh the factors listed in 18 U.S.C. § 3553(a), did not adequately consider the range recommended by the advisory policy statements, and violated his rights to due process and equal protection by taking into account the leniency of the sentence he originally received. We reject these arguments seriatim.

First, in evaluating the length of the revocation sentence imposed, we will only reverse if we find an abuse of discretion by the district court. See United States v. Jasper, 338 F.3d 865, 867 (8th Cir. 2003). We find none. Second, while the district court was required to consider the factors listed in § 3553(a) and give some explanation for its decision, it was not obligated to mechanically list every consideration it undertook. See id. Having reviewed the revocation hearing transcript, we are satisfied that the district court complied with these requirements. Third, although the district court was required to consider the advisory Chapter 7 policy statements, it was free to impose a sentence above the recommended range without making explicit or detailed findings. See id. at 867-68. Our review of the

2

revocation hearing transcript satisfies us that the district court considered the policy statements. Finally, in selecting an appropriate revocation sentence, the district court was entitled to consider the fact that Yarbrough had originally received a lenient sentence as the result of the government's Rule 35(b) motion. See id. at 866-67.

Accordingly, we affirm the judgment of the district court.

_____