# United States Court of Appeals

### FOR THE EIGHTH CIRCUIT

_____

No. 03-2811

_____

United States of America,

        Appellee,

v.

Jennifer Pierce, also known as
Jennifer McGowan,

        Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
District of South Dakota.

[UNPUBLISHED]

_____

Submitted: March 10, 2004
Filed: March 19, 2004

_____

Before WOLLMAN, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In October 2001, Jennifer Pierce pleaded guilty to failure to pay child support obligations under 18 U.S.C. § 228(a)(3) and was sentenced to five years probation. In December 2001, after the district court[1] found Pierce guilty of violating several of the conditions of her probation, it amended her conditions of probation and continued

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

her on probation. In August 2002, the district court found that Pierce had violated her probation conditions a second time and sentenced Pierce to continued probation, with additional conditions including six months in a corrections facility program and 180 days in a work release program. On June 23, 2003, the district court again found Pierce in violation of her probation conditions. The court sentenced Pierce to 18 months in prison, giving her credit against the maximum statutory sentence of 24 months authorized by statute for her original offense of conviction for the six months she spent in prison as a condition of the prior continuation of probation, with no additional supervisory period. Pierce appeals the June 2003 sentence, arguing that the district court erred by not considering a shorter sentence under the Sentencing Guidelines applicable to her original offense and, in the alternative, that the sentence is "plainly unreasonable." "We review the district court's decision to revoke probation for an abuse of discretion." United States v. Tschebaum, 306 F.3d 540, 542 (8th Cir. 2002). We affirm the judgment of the district court.

The district court was not obligated to sentence Pierce within the Sentencing Guidelines range applicable to her original offense of conviction when imposing a probation revocation sentence. Id. at 543. "The sentencing commission has chosen to issue policy statements dealing with sentences that follow probation violations, see U.S.S.G. Ch. 7, but no guidelines, and we have held that these policy statements are merely advisory." Id. at 544. "Where, as here, there are no applicable sentencing guidelines, we will not overturn a sentence unless it is 'contrary to law' or it is 'plainly unreasonable.'" United States v. K.R.A., 337 F.3d 970, 978 (8th Cir. 2003) (quoting Tschebaum, 306 F.3d at 544). Upon revocation of probation, under 18 U.S.C. § 3565(a)(2), the district court is permitted to resentence a defendant pursuant to Subchapter A, 18 U.S.C. §§ 3551-3559. A review of the sentencing transcript shows that the district court considered the provisions of the Sentencing Guidelines Manual concerning probation revocation, together with the factors contained in 18 U.S.C. § 3553(a) governing the imposition of imprisonment. We hold that the district court properly sentenced Pierce and that the sentence is not unreasonable.

2

For the reasons stated, we affirm the judgment of the district court.

_____