# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3252

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| James Lynn Holt, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 11, 2005
Filed: May 11, 2005

_____

Before WOLLMAN, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

James Lynn Holt pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B), and was sentenced to 120 months' (later reduced to 84 months) imprisonment and 5 years of supervised release. Holt has repeatedly violated the terms of his supervised release: the first time, the district court ordered him to serve 30 days in prison; the second time, he received 14 months' imprisonment[1]; the third time, the district court imposed a 36-month sentence. Holt appeals from the 36-

_____

[1] Holt appealed and we affirmed the 14-month sentence. United States v. Holt, 74 Fed. Appx. 683 (8th Cir. 2003) (per curiam) (unpublished).

month revocation sentence, arguing that the district court[2] failed to adequately consider the sentencing factors listed in 18 U.S.C. § 3553(a) and the policy statements found in the United States Sentencing Guidelines Manual (U.S.S.G.) § 7B1.4. We affirm.

At the third revocation hearing, Holt admitted that he had violated the terms of his supervised release by using cocaine, consuming alcohol, failing to appear for three urine screens, and failing to comply with a substance abuse treatment program.[3] The district court noted these violations, together with the fact that Holt had declined substance abuse treatment during his prior 14-month revocation sentence, and concluded that a longer term of imprisonment—36 months—was necessary because Holt was unlikely to complete drug treatment if he did not do so while imprisoned.

The district court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release" and may "require the defendant to serve in prison all or part of the term of supervised release authorized by statute" for the original offense. 18 U.S.C. § 3583(e)(3). If a sentence is imposed "within the bounds of 18 U.S.C. § 3583(e)," we will not disturb it absent an abuse of discretion. United States v. Holmes, 283 F.3d 966, 968 (8th Cir. 2002). The 36-month sentence given to Holt was within the statutory limit because it, plus the 15 months that Holt had already served for the two prior revocations of his supervised release, did not exceed the maximum sentence of

---

[2]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

[3]Holt stated that he did not believe the program was the right kind of program for him and left after four days. He sought out a different program through the Veterans Administration that he believed would better suit his needs and asked the court to allow him to complete that program instead. The district court concluded that he was merely seeking to justify his behavior by criticizing drug treatment programs instead of buckling down and completing one.

60 months authorized pursuant to 18 U.S.C. § 3583(e)(3) for an underlying Class A felony offense. See United States v. Palmer, 380 F.3d 395, 398-99 (8th Cir. 2004) (en banc) (stating that the term of supervised release authorized in 18 U.S.C. § 3583(b) "minus the aggregate amount of any revocation terms of imprisonment" is the statutory maximum revocation term of imprisonment that may be imposed).

Although the 36-month sentence exceeded the 5-11 month sentence recommended in Chapter 7 of the Guidelines, U.S.S.G. § 7B1.4, that section sets forth only non-binding policy statements and sentencing recommendations.[4] U.S.S.G. Ch. 7, Pt. A(3)(a). The district court must consider the policy statements, but has discretion to determine that a sentence outside of the suggested range is warranted due to such considerations as the seriousness of the violations, see United States v. Jasper, 338 F.3d 865, 867 (8th Cir. 2003), the defendant's repeated failures to comply with the terms of release, or his need for intensive drug treatment. See United States v. Shaw, 180 F.3d 920, 923 (8th Cir. 1999) (per curiam). The district court does not need to make detailed findings to justify such a departure. Jasper, 338 F.3d at 868. The length of the term of imprisonment upon revocation of supervised release must be within the statutory limit in 18 U.S.C. § 3583(e)(3), and there must be some evidence that the district court considered the relevant factors in 18 U.S.C. § 3553(a). Jasper, 338 F.3d at 867. The court is not required, however, to mechanically list every factor. See United States v. Hawkins, 375 F.3d 750, 752 (8th Cir. 2004).

We conclude that the district court did not abuse its discretion by imposing a 36-month sentence. The court stated that it had "taken into consideration all the

---

[4]This section in the guidelines has always been advisory and remains unaltered by the Supreme Court's recent ruling in United States v. Booker, 125 S. Ct. 738 (2005). The Sentencing Commission intended to provide the district courts with greater flexibility in addressing violations of probation and supervised release than in sentencing generally. See U.S.S.G. Ch. 7, Pt. A(3)(a); United States v. White Face, 383 F.3d 733, 735 (8th Cir. 2004).

factors set forth in [18 U.S.C. § 3553(a)]," and specifically addressed several factors throughout the revocation hearing. It noted the recommended term of imprisonment in U.S.S.G. § 7B1.4, 18 U.S.C. § 3553(a)(4)(B), considered the "history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and detailed its purpose in imposing a longer sentence, 18 U.S.C. § 3553(a)(2). The district court concluded that Holt's past behavior indicated that he was "underestimating the seriousness of his substance abuse problem" and had "little interest in effectively overcoming his problem." Because it doubted that Holt would complete a community program, it chose "a long enough sentence back in the Bureau of Prisons that if [Holt] really wants to, he can seek drug treatment in a secured facility, and hopefully, once and for all, decide that he doesn't want to continue this life-style."

The sentence is affirmed.

_____