# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2807

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Lamarr T. Davis, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 2, 2005
Filed: June 8, 2005

_____

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Lamarr Davis challenges the sentences the district court[1] imposed after he pleaded guilty to possessing with intent to distribute 5 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and to violating the terms of his supervised release on a prior felon-in-possession sentence. His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the court erred by sentencing Davis pursuant to the Guidelines in violation of Blakely v. Washington, 124 S. Ct. 2531 (2004), by failing to give effect

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

to an oral agreement reached with the previous prosecutor, and by giving Davis consecutive sentences for the drug-trafficking conviction and the supervised-release violation.

We do not consider Davis's challenge to his drug-trafficking sentence, because in the written plea agreement, Davis expressly waived the right to appeal this sentence, and the record demonstrates the waiver should be enforced. See United States v. Andis, 333 F.3d 886, 889-91 (8th Cir.) (en banc), cert. denied, 540 U.S. 997 (2003). To the extent Davis is arguing that his indictment on the drug-trafficking crime violated an oral agreement with the previous prosecutor, such an argument is not covered by the sentence-appeal waiver, but it is foreclosed by his guilty plea. See United States v. Vaughan, 13 F.3d 1186, 1187-88 (8th Cir.), cert. denied, 511 U.S. 1094 (1994).

The revocation sentence is not covered by the plea agreement, but the sentence is not implicated by United States v. Booker, 125 S. Ct. 738 (2005), because Chapter 7 of the Guidelines is merely advisory, see United States v. Holt, No. 04-3252, 2005 WL 1109624 (May 11, 2005), at *1 n.4 (unpublished per curiam) (Chapter 7 of Guidelines has always been advisory and remains unaltered by Booker), and the revocation sentence was not an abuse of discretion, see 18 U.S.C. § 3583(e)(3) (district court may revoke supervised release if it finds by a preponderance of evidence that defendant violated terms; maximum term of 2 years imprisonment is authorized upon revocation of supervised release if original offense was Class C felony); United States v. Holmes, 283 F.3d 966, 968 (8th Cir. 2002) (revocation sentence within bounds of § 3583(e) will not be disturbed absent abuse of discretion); U.S.S.G. § 7B1.3(f) (revocation term shall be served consecutively to any other sentence).

Having carefully reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues.  Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____