# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3846

_____

United States of America,                 *
                                          *
            Plaintiff - Appellee,         *
                                          *    Appeal from the United States
      v.                                  *    District Court for the
                                          *    Western District of Missouri.
Ronald W. Shepard,                        *
                                          *    [PUBLISHED]
            Defendant - Appellant.        *

_____

Submitted: September 23, 2011
    Filed:   October 3, 2011

_____

Before LOKEN, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

After the district court[1] found that Ronald Shepard had violated three conditions of his probation, it was revoked. The district court then sentenced him to the statutory maximum of 60 months in prison. Shepard appeals, arguing that he did not violate the conditions of his probation, and that even if he did, the district court's sentence was unreasonable. We affirm.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

In February 2009, the district court sentenced Shepard to 5 years of probation after he pled guilty to aiding and abetting the filing of a false tax return and Pell Grant fraud. Shepard's probation officer subsequently notified the court that Shepard had violated three conditions of his probation: (1) that he not be "employed in any capacity in which he would act in a fiduciary capacity"; (2) that he not commit a federal, state, or local crime; and (3) that he answer truthfully all inquiries of his probation officer.

The district court conducted a revocation hearing at which the government presented evidence that Shepard had violated all three conditions. Government witnesses established that Shepard had secured new investors in his company after his probation began, thus violating the condition that he not act as a fiduciary. There was also evidence that Shepard had committed fraud by mailing misleading monthly account statements to investors in another company he owned. The probation officer testified that Shepard had told him that he had not solicited any new investors in his company when he had in fact acquired new investors.

Shepard testified in his own defense. Shepard said that his probation officer had known about his businesses and that the monthly account statements had not misled investors. Shepard also denied directly lying to his probation officer, although his attorney conceded that Shepard had "play[ed] with semantics" and omitted information.

After finding that Shepard had violated all three of the probation conditions, the district court stated that it had considered the guideline sentencing range for revocations as well as the 18 U.S.C. § 3553(a) factors. Concluding that Shepard was a "real threat," that his conduct was "brazen," and that he was unlikely to change, the court sentenced him to the statutory maximum of 60 months in prison, declining to impose a sentence within the advisory guideline range of 4 to 10 months.

Shepard first argues that the district court erred by finding that he had violated the conditions of his probation. We review the district court's decision to revoke probation for abuse of discretion, United States v. Leigh, 276 F.3d 1011, 1012 (8th Cir. 2002), and its factual findings for clear error. United States v. Meyer, 483 F.3d 865, 868 (8th Cir. 2007). As we pointed out in Meyer, probation may be revoked when there is "enough evidence, within a sound judicial discretion, to satisfy the district judge that the conduct of the probationer has not met the conditions of probation." Id. (internal quotations omitted).

The district court did not err in finding that Shepard had violated the three conditions. The government established that Shepard was acting as a fiduciary by selling interests in his business to investors through promissory notes. The government also demonstrated that Shepard had violated federal and state law while on probation. Shepard violated Missouri securities law by intentionally misrepresenting the financial viability of his company to investors in connection with the sale of securities. See Mo. Rev. Stat. § 409.5-501 (prohibiting the employment of a "device, scheme, or artifice to defraud" in connection with the "offer, sale, or purchase of a security"). Shepard violated the federal mail fraud statute by mailing documents to investors indicating that their investments were growing when he in fact had spent all of the money. See 18 U.S.C. § 1341. Finally, Shepard concedes on appeal that he was untruthful with his probation officer.

Shepard next argues that the revocation sentence was substantively unreasonable because the sentence is disproportionate to the violations. We review a district court's revocation sentence under the same abuse of discretion standard applied in initial sentencing decisions. United States v. Miller, 557 F.3d 919, 922 (8th Cir. 2009).

The district court considered the 4 to 10 month advisory guideline range, the statutory maximum for his underlying convictions, and the 18 U.S.C. § 3553(a) factors in determining Shepard's revocation sentence. See 557 F.3d at 922. Moreover, the court had presided over Shepard's initial sentencing and thus was "fully apprised of [his] history and characteristics." See id. It found that Shepard had committed repeated violations of his release beginning shortly after he was sentenced, that it feared that he would "continue to do exactly what [he had] done in the past," that he was a "genuine threat," and that his conduct was "brazen." We conclude on this record that the district court did not abuse its discretion and that Shepard's sentence was not unreasonable under all the circumstances.

Accordingly, the judgment of the district court is affirmed.

_____