# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3189

_____

United States of America

*Plaintiff - Appellee*

v.

Miguel Lee Neumiller

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 13, 2013
Filed: July 31, 2013
[Unpublished]

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

PER CURIAM.

While on supervised release from a federal conviction, Miguel Lee Neumiller committed Minnesota state criminal offenses against his wife. After Neumiller

pleaded guilty on the state charges and served his sentence, the district court[1] revoked his supervised release and sentenced him to 27 months' imprisonment. Neumiller appeals, arguing that his sentence is substantively unreasonable. We affirm.

## I. *Background*

In 2004, Neumiller pleaded guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 60 months' imprisonment and five years of supervised release. A condition of Neumiller's supervised release was that he "not commit another federal, state, or local crime."[2] In 2008, Neumiller began serving his supervised release term. Neumiller repeatedly violated the terms of his supervised release, resulting in numerous modifications. In particular, on September 30, 2009, the court modified the terms of his release to forbid contact with his wife, Mona Neumiller.

On August 3, 2011, the government moved for revocation of supervised release, alleging that on August 2, 2011, Neumiller punched his wife in the face, causing bruises. Neumiller also damaged property within the house where the altercation took place. The district court issued a warrant for Neumiller's arrest and ordered him to show cause why supervision should not be revoked. Minnesota charged Neumiller with felony domestic assault and felony damage to property in the first degree. The Minnesota prosecutor dismissed the felony-domestic-assault charge in exchange for Neumiller pleading guilty to the felony-damage-to-property charge. In July 2012, the state court sentenced Neumiller to 18 months' imprisonment but gave Neumiller credit for the 365 days that he had served since his arrest. He was released to federal custody on August 2, 2012. On August 30, 2012, the U.S.

---

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

[2]Similarly, a special condition of Neumiller's supervised release was that he "not commit any crimes, federal, state, or local."

probation officer submitted an amended petition on supervised release, requesting that the district court "ORDER [t]hat the Petition dated August 3, 2011, be amended by the addition of the violation information noted herein [pertaining to the Minnesota charges]." That same day, the district court approved the amended petition.

On September 4, 2012, the district court held a final revocation hearing for Neumiller. Neumiller admitted his guilt on the state charges and that he violated the supervised release condition that he remain a law-abiding citizen. The release violation was Grade B and coupled with Neumiller's criminal history category of VI resulted in a sentencing range of 21 to 27 months' imprisonment. *See* U.S.S.G. § 7B1.1(a)(2) (stating a Grade B violation is "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year.") Neumiller did not dispute that the advisory Guidelines range was 21 to 27 months' imprisonment. However, Neumiller requested to be released at the expiration of his supervised release in February 2013. Neumiller based his request on his overall success during supervised release including attending counseling and school. In response, the government argued that Neumiller had not done well on supervised release and noting that his state conviction prompting revocation involved violent domestic abuse witnessed by a minor. The district court imposed a sentence of 27 months' imprisonment with no supervised release.

## II. *Discussion*

Neumiller argues that the 27-month sentence is substantively unreasonable because it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a). He asserts that the underlying offense involved mere property damage and notes that he had been attending counseling with his wife. Neumiller also points out that he was attending school and seeking individual counseling.

"'We review the reasonableness of a sentence under a deferential abuse-of-discretion standard, and we accord a presumption of reasonableness to a sentence

within the advisory [G]uideline[s] range.'" *United States v. Hull*, 646 F.3d 583, 588 (8th Cir. 2011) (quoting *United States v. Vinton*, 631 F.3d 476, 487 (8th Cir. 2011)). "'We review a revocation sentence under the same 'reasonableness' standard that applies to initial sentencing proceedings[.]'" *United States v. Petreikis*, 551 F.3d 822, 824 (8th Cir. 2009) (alteration in original) (quoting *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008)).

> "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." *United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008) (citing *United States v. Robinson*, 516 F.3d 716, 717 (8th Cir. 2008)). "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 2468, 168 L. Ed. 2d 203 (2007). "The appropriateness of brevity or length, conciseness or detail . . . depends upon circumstances." *Id*. "Unless a party contests the Guidelines sentence generally under § 3553(a) . . . , the judge normally need say no more." *Id*. We do not require a district court to "mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release." *United States v. White Face*, 383 F.3d 733, 740 (8th Cir. 2004) (citing *United States v. Jasper*, 338 F.3d 865, 867 (8th Cir. 2003)). Instead, "[e]vidence that the district court was aware of the relevant § 3553(a) factors required to be considered is sufficient," and this evidence "can be inferred from the record." *United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005).

*Id.* at 824–25 (alterations in original). "'[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.'" *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

Based our review of the record, we conclude that the district court considered all relevant § 3553(a) factors, did not give significant weight to any irrelevant or improper factor, and its consideration of appropriate factors involved no clear error of judgment in weighing them. Neumiller provides nothing to indicate that the district court failed to consider his therapy attendance, school attendance, or the nature of his state crimes triggering revocation. The district court did not abuse its discretion in imposing a sentence of 27 months' imprisonment, which was within the properly calculated Guidelines range.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____