# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2688

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Ricardo Gossitt, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: December 16, 2013
Filed: January 24, 2014
[Unpublished]

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Michael Gossitt, Jr., appeals the within-Guidelines-range, eighteen-month sentence imposed by the district court[1] after Gossitt admitted violating the conditions

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

of his supervised release by becoming intoxicated and assaulting his girlfriend. We affirm.

After admitting his violations at the revocation hearing, Gossitt asked the district court to impose a sentence below the advisory guidelines range of 18-24 months, arguing his violations were the result of mental health and substance abuse problems. Before imposing sentence, the district court acknowledged Gossitt's mental health and alcohol abuse issues, but chose not to vary below the recommended advisory guidelines range. Gossitt claims the district court imposed a substantively unreasonable sentence by failing to address his alcohol abuse and mental health issues, and instead focusing on his new violations of the law.

Reviewing the substantive reasonableness of Gossitt's sentence for an abuse of discretion, United States v. Jasper, 338 F.3d 865, 867 (8th Cir. 2003), we find no abuse of discretion. Our review of the record indicates the district court properly considered the 18 U.S.C. § 3553(a) factors and chose to impose a within-guidelines sentence, which we conclude is presumptively reasonable. See United States v. Never Misses a Shot, 715 F.3d 1048, 1054 (8th Cir. 2013). There was no abuse of discretion simply because the district court gave less weight to Gossitt's alcohol abuse and mental health issues than Gossitt would have liked. See United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009) ("The district court had wide latitude to weigh the § 3553(a) factors . . . and assign some factors greater weight than others in determining an appropriate sentence.").

Accordingly, we affirm. See 8th Cir. R. 47B.

_____