# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 13-2552

———————————————

United States of America

*Plaintiff - Appellee*

v.

Andrew G. Brown

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Nebraska - Omaha

——————————

Submitted: December 16, 2013
Filed: February 3, 2014
[Unpublished]

——————————

Before MURPHY, BYE, and SMITH, Circuit Judges.

——————————

PER CURIAM.

Andrew Brown appeals the sentence imposed by the district court[1] for violation of his supervised release. In 2005 Brown pled guilty to federal drug and firearm

———————————

[1] The Honorable Laurie Smith Camp, Chief Judge of the United States District Court for the District of Nebraska.

charges and was sentenced to 195 months imprisonment and 60 months supervised release; his sentence was later reduced to 165 months. After Brown was released from prison, he violated conditions of his release more than once and his release was revoked for the second time in June 2013. He argues that the revocation sentence imposed by the district court was substantively unreasonable. We affirm.

Brown, who has a history of drug and alcohol abuse, was released from confinement in March 2011 and was subsequently placed in four different treatment programs. He left the first prior to its completion and the second before its start. He was removed from a third program and did not appear for the fourth. Brown's release was then revoked in February 2012 after he had admitted to violations. He was sentenced as a result to 13 months imprisonment and 36 months supervised release.

In November 2012 Brown was again released. He checked into a pretreatment program with the assistance of the probation office but left prior to its start. After a car in which he was riding was stopped by the Omaha police in February 2013, Brown walked away and gave a false name when apprehended within a few blocks. Brown then pled guilty to criminal impersonation, a class IV felony. At a revocation hearing on June 27, 2013, he admitted that he had violated the terms of his release by committing criminal impersonation. His guideline range was calculated as 18 to 21 months imprisonment, and the probation office recommended a sentence of 24 months with no supervised release. The district court sentenced Brown to 21 months imprisonment and 23 months supervised release, stating that the supervised release was for the purpose of protecting society.

When no procedural error has been alleged, we review the substantive reasonableness of a sentence for abuse of discretion. United States v. Shepard, 657 F.3d 682, 685 (8th Cir. 2011); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). An abuse of discretion occurs if a sentencing court "fails to consider a relevant factor that should have received significant weight, gives significant weight

to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007). We may "apply a presumption of reasonableness" to a sentence within the guideline range. Feemster, 572 F.3d at 461 (internal quotation marks omitted) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). Brown argues that his sentence is substantively unreasonable because it is greater than necessary to serve the purposes of 18 U.S.C. § 3553(a).

We conclude that the sentence imposed by the district court was not unreasonable. Brown argues that his revocation sentence should have been shorter because his state law criminal impersonation crime could have been charged as the misdemeanor offense of false reporting, which would have resulted in a lower sentencing guideline range. He pled guilty to the felony charge of criminal impersonation, however. Brown also argues that he has been open with the probation office about his addiction and that his efforts to receive treatment have been complicated by a psychological disability. The district court indicated at sentencing that it was aware of his problems but nevertheless imposed a sentence at the top of the guideline range and stated that the supervised release was needed to protect society.

Although Brown's sentence was at the top of the guideline range, he had twice violated his supervised release and had removed himself from treatment programs. We have previously affirmed a revocation sentence above the guideline range when the respondent was "unlikely to undergo rehabilitation without the constant supervision provided by incarceration." United States v. Bear Robe, 521 F.3d 909, 911 (8th Cir. 2008). We have also affirmed a sentence above the guideline range when the court noted "repeated violations of . . . supervised release, the relative severity of those violations, and the significant downward departure granted at [the defendant's] original sentencing." United States v. Jasper, 338 F.3d 865, 867 (8th Cir. 2003).

After reviewing the whole record, we conclude that the district court did not abuse its discretion in imposing Brown's sentence for violating the conditions of his supervised release.  Accordingly, we affirm.

_____