# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2557

_____

United States of America

*Plaintiff - Appellee*

v.

James Nelson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska

_____

Submitted: December 10, 2018
Filed: January 16, 2019
[Unpublished]

Before LOKEN, MELLOY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In October 2012, James Nelson was convicted for failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a). He was sentenced to 24 months' imprisonment to be followed by a five-year term of supervised release. Nelson entered into supervision in March 2015. In October 2016, a petition seeking the revocation of Nelson's supervised released was filed, citing various violations

including: multiple failures to report to his probation officer, failure to participate in any substance abuse treatment programs, several missed and failed urinalyses, and failure to register his new address after being evicted.

The district court[1] found that Nelson had committed a grade B violation and was in criminal history category V, which yielded an advisory guidelines range of 18–24 months. Nelson requested a continuance of the sentencing hearing claiming that recent circumstantial changes, such as access to stable housing and health care greatly changed the footing of the case. The district court denied the motion for a continuance, revoked Nelson's supervision and sentenced him to serve 12 months' custody followed by 24 months of supervised release. Nelson appeals both the sentence and the denial of his motion to continue, arguing that the district court failed to consider the 18 U.S.C. § 3553(a) factors by failing to appropriately weigh and consider his prior military service, unstable life conditions, and health issues.

This court reviews a sentence imposed for violation of supervised release for abuse of discretion. United States v. Jasper, 338 F.3d 865, 867 (8th Cir. 2003). When no procedural error has been alleged, we review the substantive reasonableness of a sentence for abuse of discretion. United States v. Shepard, 657 F.3d 682, 685 (8th Cir. 2011); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Upon careful review, we conclude that the district court did not impose an unreasonable sentence. See Feemster, 572 F.3d at 461–62 (reviewing reasonableness of sentence under deferential abuse-of-discretion standard); United States v. McCauley, 715 F.3d 1119, 1127 (8th Cir. 2013) ("Where . . . a district court has varied below the Guidelines range, it is 'nearly inconceivable' that the court abused its discretion in not varying downward still further." (citation omitted)). The district

---

[1]The Honorable Judge Smith Camp, United States District Judge for the District of Nebraska.

court considered all relevant 18 U.S.C. § 3553(a) factors, including Nelson's history and characteristics, the need to avoid unwarranted sentencing disparities, the protection of the public, and the need for general and specific deterrence. The district court issued the below-guideline-range term of imprisonment based on Nelson's post-release conduct including his failure to follow the terms of his supervised release. Nelson's long-term addiction to controlled substances, which he continued to struggle with at the time of sentencing, was also a significant factor in the sentencing court's analysis in the revocation and re-sentencing.

The standard of review for continuances is similarly deferential. See United States v. Vesey, 330 F.3d 1070, 1071 (8th Cir. 2003) ("We review a denial of a motion for continuance for abuse of discretion."); see also United States v. Cotroneo, 89 F.3d 510, 514 (8th Cir. 1996) ("Continuances generally are not favored and should be granted only when the party requesting one has shown a compelling reason." (citation omitted)). The district court considered the relevant factors, including new medication which Nelson reported made him feel differently, and found the requested continuance to be unwarranted. We find no abuse of discretion in this determination.

Accordingly, we affirm.

_____