**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jesus BARRIENTOS–MALDONADO,**
**Defendant—Appellant.**

**No. 05–10255.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2006.*

Decided Feb. 22, 2006.

L. Anthony White, Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, Esq., Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: HALL, SILVERMAN, and GRABER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Jesus Barrientos–Maldonado appeals the district court's sentence of fifty-seven months of imprisonment and three years of supervised release for Unlawful Reentry by a Deported, Removed and/or Excluded Alien in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Post-*Booker*, we review a sentence for "unreasonableness." *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 765–66, 160 L.Ed.2d 621 (2005). We review the constitutionality of a sentence de novo. *United States v. Leon H.*, 365 F.3d 750, 752 (9th Cir.2004).

Barrientos–Maldonado argues that the district court did not consider the factors set out in 18 U.S.C. § 3553 and that his sentence was unreasonable under *Booker*. However, at sentencing the district court explicitly stated that it had considered the statutory factors. Barrientos–Maldonado does not contest his prior aggravated felony conviction for Possession with Intent to Manufacture or Deliver Heroin or his related deportation. Under 8 U.S.C. § 1326(b)(2), this prior conviction and deportation authorize a statutory maximum term of imprisonment of twenty years. Given the district court's recognition of Barrientos–Maldonado's "very serious" criminal history, his sentence of fifty-seven months, which is at the low end of the advisory Sentencing Guidelines, is not unreasonable.

Barrientos–Maldonado also challenges his sentence on Sixth Amendment grounds, arguing that any fact beyond the mere fact of conviction that justifies increased punishment under 8 U.S.C. § 1326(b)(2) must be proved beyond a reasonable doubt. This claim is precluded by *Almendarez–Torres v. United States*, 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.2000). Contrary to Barrientos–Maldonado's challenges, *Almendarez–Torres* remains good law. *See Pacheco–Zepeda*, 234 F.3d at 414 (holding that *Almendarez–Torres* is "dispositive" in rejecting a Sixth Amendment *Apprendi* challenge to an 8 U.S.C. § 1326(b)(2) sentence enhancement). Accordingly, we reject Barrientos–Maldonado's Sixth Amendment challenge to the sentence enhancement.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

