**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10038 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-08184-DGC-1 |
| v. | |
| JESUS BENIGNO LOPEZ-ZATARAIN, AKA Jesus Benigno Lopez Zatarain, AKA Jesus Beningo Lopez Zatarain, AKA Jesus B. Lopez-Zatarain, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted March 15, 2017[**]
San Francisco, California

Before: FERNANDEZ, MURGUIA, and WATFORD, Circuit Judges.

On September 29, 2015, Jesus Benigno Lopez-Zatarain entered into a

modified "fast-track" plea agreement with a reduced sentence of 18–24 months. On

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

December 4, 2015, Lopez-Zatarain filed a motion to withdraw from the plea agreement in order to argue for a variance below 18 months, which would not have been possible under the plea agreement. The district court granted the motion.

Without the benefit of the reduced sentence in the plea agreement, Lopez-Zatarain faced a Guidleines range of 27–33 months. The district court varied downward and imposed a sentence of 21 months. At the sentencing hearing, the judge stated, "It seems a bit unfair to give you a higher sentence for having withdrawn from the plea agreement, but you did withdraw and now the government is faced with the prospect of a possible appeal that they didn't have under the prior plea agreement." Lopez-Zatarain did not object before the district court, but on appeal he argues that the court vindictively increased his sentence.

We review the constitutionality of a sentence de novo. *United States v. Leon H.*, 365 F.3d 750, 752 (9th Cir. 2004). "When a defendant fails to raise a legal objection at trial but raises the objection for the first time on appeal, we review only for plain error." *United States v. Alferahin*, 433 F.3d 1148, 1154 (9th Cir. 2006). We affirm.

The presumption of vindictiveness does not apply where a prosecutor increases charges against a defendant who rejects a plea deal. *Bordenkircher v. Hayes*, 434 U.S. 357, 365 (1978). The Supreme Court explained that the

procedural costs imposed by a defendant who rejects a plea and puts the government to its burden of proof at trial justify increased punishment without triggering a presumption of vindictiveness. *United States v. Goodwin*, 457 U.S. 368, 381-82 (1982).

Here, Lopez-Zatarain's decision to withdraw from the plea agreement in order to preserve his right to appeal is analogous to a defendant who rejects a plea agreement in order to preserve his right to trial. In both situations, the additional burdens imposed by the defendant's decision justify an increased sentence without triggering a presumption of vindictiveness. *See id.*

Moreover, there is no actual evidence that the district court was vindictive here. This case does not present a situation where Lopez-Zatarain appealed, succeeded in gaining a reversal, and suffered a harsher sentence on remand. Instead, the district court imposed a sentence six months below the Guidelines range the first time it sentenced Lopez-Zatarain.

Finally, Lopez-Zatarain's argument cannot withstand plain-error review. Even assuming the court erred by imposing the 21-month sentence, the error was not plain. Lopez-Zatarain has not presented any authority holding that a higher sentence after a withdrawn guilty plea triggers the presumption of vindictiveness. *United States v. Hayat*, 710 F.3d 875, 908 (9th Cir. 2013) (holding that plain-error

review "requires the court to find that the error was plain under existing law, rather than subject to reasonable dispute").

     **AFFIRMED**.